PETER OLIGSCHLAGER v. HERMAN GRELL.

(Filed March 4, 1904.)

CASE-MADE—Authentication. Where a case-made is signed by the trial judge but is not attested by the clerk of the court and the seal of the court is not thereto attached, it is not sufficiently authenticated as required by the statute to constitute a valid case-made, and the judgment of the trial court cannot be reviewed, and the appeal will be dismissed. (Stallard v. Knapp, 9 Okla. 591 followed.)

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before J. L. Pancoast, Trial Judge.*

*Chas. West,* for plaintiff in error.

*H. J. Sturgis,* for defendant in error.

Opinion of the court by

HAINER, J.: This case is brought here upon what purports to be a case-made. The record discloses the fact that the certificate is signed by the trial judge, but that it is

not attested by the clerk of the court, nor is the seal of the court attached thereto.

Section 566 of our code provides that:

"The case and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case."

It will thus be seen that the statute requires the judge to sign the case-made, and also cause it to be attested by the clerk, and the seal of the court to be attached thereto, in order to constitute a valid case made. This provision of our statute is mandatory. (*Stallard v. Knapp,* 9 Okla. 591.)

It further appears that this case was never filed in the district court, as required by the statute.

It follows that, the case not being authenticated, and not being filed in the court below, as required by the statute, it cannot be reviewed in this court, and the appeal will therefore be dismissed.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.