## OKLAHOMA CITY v. McKEAN.

No. 2238.    Opinion Filed August 6, 1913.

Rehearing Denied September 23, 1913.

(135 Pac. 19.)

APPEAL AND ERROR—Case-Made—Authentication. Where a case-made is signed by the trial judge, but is not attested by the clerk of the court, and the seal of the court is not attached thereto, it is not sufficiently authenticated, as required by the statute, to constitute a valid case-made, and the judgment of the trial court cannot be reviewed, and the appeal will be dismissed.

(Syllabus by Sharp, C.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by J. L. McKean against Oklahoma City. From a judgment for plaintiff, defendant brings error. Appeal dismissed.

*Jas. S. Twyford,* for plaintiff in error.

*W. H. Caudill* and *D. B. Welty,* for defendant in error.

Opinion by SHARP, C.   The purported case-made in this case was filed in this court January 4, 1911.   The certificate of the trial judge is neither attested by the clerk of the court, nor is the seal of the court thereto attached.   By section 6074, Comp. Laws 1909 (Rev. Laws 1910, sec. 5242), it is provided that the case-made and amendments shall be submitted to the judge, whose duty it is made to settle and sign the same, and cause the case-made so settled to be attested by the clerk, and the seal of the court to be thereto attached, whereupon the case-made shall be filed with the other papers in the case.   The exact question here presented was before the territorial Supreme Court in *Stallard et al. v. Knapp,* 9 Okla. 591, 60 Pac. 234, where it was said:

"Where a case-made is signed by the trial judge, but is not attested by the clerk of the court with his signature, and the seal of the court is not attached thereto, it is not sufficiently authenticated, as required by section 566 of the Civil Code, to constitute a legal case-made, and the judgment of the court cannot be reviewed here."

Section 566 of the Civil Code of 1893, construed in the foregoing case, is identical with section 6074, Comp. Laws 1909 (Rev. Laws 1910, sec. 5242).   The question was again before the court in *Oligschlager v. Grell,* 13 Okla. 632, 75 Pac. 1131, where it was held that the provision of the statute requiring that the judge's certificate be attested by the clerk, and the seal of the court thereto attached, was mandatory.   In *Marple v. Farmers' & Merchants' Bank,* 28 Okla. 810, 115 Pac. 1124, it was held that a case-made which was not attested by the clerk of the county court, signing and settling the same, would not present for review the errors complained of.

The appeal attempted to be prosecuted by plaintiff in error should therefore be dismissed.

By the Court:   It is so ordered.