## FIRST BANK OF MAYSVILLE *et al.* v. ALEXANDER.

No. 4186.   Opinion Filed May 18, 1915.

(149 Pac. 152.)

1. **APPEAL AND ERROR—Record—Case-Made—Time for Suggesting Amendments—Extension.** An order extending the time to prepare and serve case-made and to suggest amendments thereto, and requiring same to be settled upon certain notice prescribed by the order, which extends the time of suggesting amendments beyond the six months period allowed by statute, is not void where the order requires that case-made be made and served within the six months.

2. **SAME—Waiver.** In such case the defendant in error may claim the full time allowed by the order, and the court would have no authority to settle same after the expiration of six months, but if the defendant in error waives the time prescribed therein and suggests amendments which are allowed, and agrees that the case-made is correct, and waives notice of the time and place of settlement thereof, and petition in error with case-made attached is filed in this court within the six months period, same will be valid.

(Syllabus by the Court.)

Turner, J., dissenting.

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by R. B. Alexander, trustee, against the Bank of Maysville and another.   Judgment for plaintiff, and defendants bring error.   Motion to dismiss denied.

*Blanton & Andrews,* for plaintiffs in error.

*Thompson & Patterson,* for defendant in error.

HARDY, J.   This case is presented on motion to dismiss.   The defendant in error assigns as grounds for dismissal that the case-made is void, for the reason that it was not served within the time provided by statute nor within any extension of time lawfully granted by the trial court.   The motion for a new trial was overruled, and judgment rendered on February 1, 1912, at which time

plaintiffs in error were granted 60 days to serve case-made, defendant in error was allowed ten days thereafter in which to suggest amendments, and it was ordered that the case-made be settled on three days' notice to either party. Other extensions of time were granted, and on May 17, 1912, an order was made allowing plaintiffs in error 60 days' additional time from the expiration of the last order theretofore made, which was May 31, 1912, to prepare and serve case-made, and granted defendant in error ten days thereafter in which to suggest amendments, and ordered that case-made be settled on three days' notice to either party.

Defendant in error urges in his motion to dismiss that the last order was a nullity, for the reason that it extended the time for settlement of case-made beyond the six months period within which appeals must be lodged in the Supreme Court. The case-made was served on defendant in error on July 6, 1912, amendments were suggested and waiver of notice signed, and case-made was settled by agreement on the 15th day of July, 1912, and petition in error with case-made attached was filed in this court before the expiration of six months from the date of the order appealed from.

The contention of defendant in error seems to be based upon the propositions: (1) That a case-made not filed within the statutory time nor within the additional time lawfully granted by the trial court is a nullity; (2) the time allowed by the trial court to suggest amendments to the case-made begins to run, not from the date of the service thereof, but from the expiration of the time allowed in which to make and serve same; and (3) an order extending the time in which to serve case-made, and to suggest amendments beyond the six months allowed for appeal is a nullity, and service thereof made within said time, even though it be within the six months from the

date of the judgment appealed from, is void. The two first propositions are conceded by counsel for plaintiffs in error to be correct, and are sustained by former decisions of this court.

The third proposition, "that an order extending the time in which to serve case-made and to suggest amendments, beyond the six months allowed for appeal is a nullity, and the service of a case-made within the extended time, even though it be within the six months from the date of the judgment appealed from, is void, and the case-made cannot be considered for any purpose," is not sustained by the decisions cited in support thereof.

The first decision cited, *Reed v. Wolcott*, 40 Okla. 451, 139 Pac. 318, holds:

"An order granting an extension of time to make and serve a case-made beyond six months from the date of the judgment, limited for the prosecution of writs of appeal, is a nullity; and while such order remains unmodified the court cannot settle the case, over the objection of defendants in error, though within the six months, since they are entitled to three days from the expiration of the time fixed for the service of the cause to suggest amendments."

The case of *Memphis Steel Construction Co. v. Hutchison, ante,* 147 Pac. 771, simply goes to the same effect, and neither of said cases is authority for the proposition that, where the time for making and serving case-made is within the six months, the mere fact that the time for suggesting amendments and settlement of case-made may extend beyong the six months would render the order a nullity.

Nor do we think this is a necessary conclusion to be reached from the decisions in these cases. Chapter 18, Sess. Laws 1911, provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six

months from the rendition of the judgment or final order complained of."

From this statute it appears that it is essential to the jurisdiction of the Supreme Court that the proceeding shall be commenced by filing petition in error in the Supreme Court within the six months, and that the trial court or judge thereof is without authority to sign or settle a case-made after the expiration of that time. The order in the instant case required the making and service of the case-made within the six months, and same was done. That portion of the order allowing to defendant in error ten days in which to suggest amendments, and requiring three days' notice of the time and place of settlement of case-made, was a matter which could be waived by defendant in error, and under the record in this case we think it was waived by him.

In *Symms Gro. Co. et al. v. Burnham,* 5 Okla. 222, 47 Pac. 1029, it is held:

"No other reason exists that we are aware of why notice should be served upon attorneys of record to appear at the time of settling of the case other than that the parties may have their suggestions considered and, if approved, adopted; but where, as in this case, all of the amendments suggested by the attorney for the defendant in error were accepted by the plaintiff in error and incorporated into the case-made, the defendant in error can have no cause for complaint."

And in *Pioneer Tel. & Tel. Co. v. Davis,* 26 Okla. 205, 109 Pac. 299, 29 L. R. A. (N. S.) 886, it is said:

"No reason exists why notice should be served upon attorneys of record to appear at the time of settling of the case other than that the parties may have their suggestions considered and, if approved, adopted; but where, as in this case, it is stipulated and agreed between the parties that the case-made contains a full, true, correct, and complete copy and transcript of all the proceedings in said cause, including all pleadings filed and all proceedings had, all the evidence offered and introduced, all the orders and

rulings made, and exceptions allowed, and all the records upon which the judgment and journal entry in said cause were made, and the same is a full, true, correct, and complete case-made, the defendant in error has no cause for complaint."

The defendant in error might have claimed the full time in the order for suggesting amendments, and, had he done so, and thereby carried the time beyond the six months, the court or judge under the statute would have been without authority to settle same; but the case-made having been prepared and served within six months from the date of the order appealed from, and the order of extension having required same to be done within said time, and the defendant in error having waived the full time allowed by the order and suggested amendments to the case-made, and having waived notice of the time that same would be presented for settlement and consented that the same could be signed and settled, all of which was done, and petition in error filed in this court within six months from the date of the final order appealed from, we are of opinion that the motion to dismiss should be overruled; and it is so ordered.

All the Justices concur, except TURNER, J., who dissents.