MIDLAND VALLEY RY. CO. v. BERRY.

No. 7132. Opinion Filed May 25, 1915.

(149 Pac. 242.)

**APPEAL AND ERROR—Case-Made—Withdrawal for Correction.** Under section 5243, Rev. Laws of 1910, the Supreme Court has the authority to permit the case-made to be withdrawn for correction, and matters omitted therefrom may, under the direction of the trial judge, be incorporated in the case-made.

(Syllabus by Mathews, C.)

Error from District Court, Osage County;

R. H. Hudson, Judge.

Action by Ollie Berry by his next friend and mother, Mrs. Minnie Berry, against the Midland Valley Railway Company. Judgment for plaintiff, and defendant brings error, and plaintiff applies for permission to withdraw case-made for correction. Permission granted.

*Farrar L. McCain,* for plaintiff in error.

*W. P. Z. German* and *Martin & Moss,* for defendant in error.

MATHEWS, C.    Defendant in error files in this court his application to withdraw case-made, and for permission to have the same corrected by supplying an alleged omission therefrom.

He sets up in his motion that on November 20, 1913, a petition for removal to the federal court was filed by plaintiff in error in the district court of Osage county by counsel for plaintiff in error, and that said counsel at the time stated to the court that said petition for removal alleged the residence of the defendant in error to be in the state of Oklahoma, without specifying whether it was in the Eastern or Western district, and that said counsel at that time stated further to the court that said petition for removal was identical in its allegation of the residence of the defendant in error, with the petition for removal in the case then pending in said court in which one Henry Walters was plaintiff and the plaintiff in error was defendant, and the court was apprised of the fact that in said last-named case the petition for removal filed by plaintiff in error did not contain a recital that the residence of the plaintiff, Walters, was in the Western federal district of Oklahoma, but, on the contrary, recited that the residence of the plaintiff was in the state of Oklahoma.

It is further stated in the affidavit that the court thereupon, in the absence of the counsel for defendant in error, without making a personal examination of the petition for removal, denied the same.    It appears that the said petition for removal recites that the situs of plaintiff in error was in the state of Arkansas, and the residence of the defendant in error was in Osage county, the county in which the action was pending.

The averments as to the alleged statements to the court by

counsel for plaintiff in error as to the contents of the petition for removal are emphatically denied by counter affidavits filed herein on the part of plaintiff in error.

It is not within the province of this court to decide which affidavits are true, but under section 5243, Revised Laws of 1910, the motion of defendant in error will be allowed, and it is hereby ordered that the defendant in error is granted permission to withdraw the case-made for the purpose of making such correction, if supported by the facts, and such correction is to be made according to the true facts to be determined by the trial court, the same to be made in 30 days from this date, upon 5 days' notice to the plaintiff in error.

By the Court: It is so ordered.