## *In re* COCHRAN'S ESTATE.

No. 7161.    Opinion Filed June 1, 1915

Rehearing Denied July 6, 1915.

(149 Pac. 1089.)

1. **APPEAL AND ERROR—Presentation for Review—Dismissal.**
A record which fails to contain a copy of the final order or judgment sought to be reviewed presents no question to this court for its determination, and the appeal will be dismissed.

2. **APPEAL AND ERROR—Decisions Appealable—Orders Denying Motion to Dismiss Intermediate Appeal.** An order of the court overruling a motion to dismiss an appeal without final judgment in the case is not an appealable order, but simply leaves the case standing in that court, the same as if no such motion had been made.

(Syllabus by Robberts, C.)

*Error from District Court, Adair County;*
*John H. Pitchford, Judge.*

In the matter of the estate of Jennie Cochran, deceased. An application by P. J. Dore for restoration of a lost order approving a conveyance was filed in the county court and granted, a motion by Nolia B. Dore, executrix, to dismiss an appeal to the district court was overruled, a motion by Eugene Wilkinson to amend was granted, and the executrix brings error. Dismissed.

*M. E. Michaelson* and *John H. Kane,* for plaintiff in error.

*Tillotson & Elliott* and *W. L. Curtis,* for defendants in error.

Opinion by ROBBERTS, C. This purports to be an appeal from the district court of Adair county. The proceeding was commenced in the county court of that

county on the 18th day of December, 1913, by P. J. Dore, now deceased, by filing an application for the restoration of a lost or destroyed order of the county judge approving a conveyance by fullblood Indian heirs of Jennie Cochran, deceased, to certain real estate.

It appears from the record before this court that an administrator had been appointed for the estate of said Cochran, and said estate matters were pending in the county court at the time the application was made to restore the order approving conveyance. The county judge heard the application to restore, and entered an order of restoration showing approval of the conveyance. From that order Eugene Wilkinson, one of the interested parties, appealed to the district court of that county, where a motion was made by the appellees, applicants in the county court, to dismiss the appeal for the reasons: (1) That no appeal bond had been filed as required by law. (2) That a certified copy of the notice of appeal, and of the decree appealed from, and the minutes, records, and proceedings of the county court had not been filed in the district court within ten days, as required by law. (3) That the judgment, order, or decree sought to be appealed from was not entered by the county court or the judge thereof in a probate cause, nor does said judgment, decree, or order come within any of the classes of judgments, decrees, or orders of the county court which are by law made appealable to the district court.

The purported case-made shows the following order of the district court made and entered, overruling the motion to dismiss the appeal, but does not show that a final judgment was rendered in the case:

"Now on this 22d day of October, A. D. 1914, the same being one of the days of the regular October, 1914,

48—22

term of this court, comes on for hearing, in its regular order, the above-entitled cause. Nolia B. Dore, executrix of the estate of P. J. Dore, deceased, appearing in person and by her attorneys, M. E. Michaelson and Sam O'Hara; John A. Bell, Jr., appearing by his attorneys, Rowland & Talbott; Eugene Wilkinson appearing in person and by his attorneys, Tillotson & Elliott and W. L. Curtis. And it appearing that the death of P. J. Dore having been suggested, an order is made reviving this cause in the name of Nolia B. Dore, executrix of the estate of P. J. Dore, deceased. And the said Nolia B. Dore, executrix of the estate of P. J. Dore, deceased, by her attorney M. E. Michaelson, files a motion to dismiss the appeal filed herein; and the said Eugene Wilkinson asks permission to amend the appeal bond by interlining after the name of Sam F. Wilkinson, in the second line of said bond, the words, 'of Nowata, Oklahoma,' and to insert following the word 'and' in the second line of said bond the name 'W. H. Davis of Stilwell, Oklahoma,' and in the third line of said bond, following the name of P. J. Dore, the following, 'and the state of Oklahoma,' and by permitting the said W. H. Davis to sign the bond. And after hearing the argument of counsel the court finds in favor of the said Eugene Wilkinson, and against Nolia B. Dore, executrix of the estate of P. J. Dore, and the motion to amend, by the said Eugene Wilkinson, is granted, to which amendment Nolia B. Dore, executrix, duly excepted. And the court, being fully advised, doth order, adjudge, and decree that the motion to dismiss be, and the same is hereby, overruled, to the overruling of which motion Nolia B. Dore, executrix, duly excepted, and the motion to amend, filed by Eugene Wilkinson, be, and the same is hereby, granted, and said amendments are made in open court. And upon application of the said Nolia B. Dore, executrix of the estate of P. J. Dore, it is ordered that she be, and she is hereby, given 60 days in which to make and serve case-made. The said Eugene Wilkinson is given ten days thereafter to suggest amendments, said case-made to be settled upon five days' notice, to be given by either party."

From that order or ruling of the district court an attempted appeal is before this court. It must be apparent to all that no final judgment was rendered in the case, either dismissing the appeal from, or affirming the judgment of, the county court. So far as the record here shows the case stands for trial on the merits in the district court. An order of the court overruling a motion to dismiss an appeal, without final judgment in the case, is not an appealable order, but simply leaves the case standing in that court, the same as if no such motion had been made.

In *Gardenhire v. Burdick*, 7 Okla. 212, 54 Pac. 483, Chief Justice Burford, speaking for the court, says:

"A case-made which fails to contain a copy of the judgment or final order of the trial court presents no question to this court for review, and such case-made cannot be amended or supplemented by a certified transcript of the judgment."

Again, in *Sproat v. Durland*, 7 Okla. 230, 54 Pac. 458, we find the following:

"A record which fails to contain a copy of the final order or judgment sought to be reviewed presents no question to this court for its determination, and the appeal will be dismissed."

This case does not come within section 5236, Rev. Laws 1910, which provides that the Supreme Court may reverse, vacate, or modify:

First. "A final order."

Second. "An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or confirms or refuses to confirm, the report of a referee; or sustains or overrules a demurrer."

Third. "An order (of the county, superior, or district court) that involves the merits of an action, or some part thereof."

Nor does it come within the provisions of section 5237 of the same statute, which provides:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

The appeal should be dismissed.

By the Court: It is so ordered.