# WYANT v. BEAVERS.

No. 7205.    Opinion Filed June 22, 1915.

Rehearing Denied July 27, 1915.

(150 Pac. 480.)

1.    **APPEAL AND ERROR—Case-Made—Striking from Files.** Where the case-made was not filed among the papers in the case in the trial court and the seal of the clerk is not attached thereto, in the absence of a request for leave to withdraw case-made and file same and have seal affixed, such case-made will be stricken from the files of this court.

2.    **SAME—Case-Made—Time to Make and Serve—Extension.** A trial court or judge is without authority to make, before the order or judgment appealed from is rendered, an order extending the time within which to make and serve case-made.

3.    **SAME.** Where case-made is not served within the time allowed by law or within the time fixed by any valid order of extension, the same is void.

(Syllabus by the Court)

*Error from County Court, Pottawatomie County;*
*Hal Johnson, Judge.*

Action between R. Wyant and T. C. Beavers. From the judgment, Wyant brings error. Case-made stricken.

*R. Wyant,* for plaintiff in error.

*W. S. Pendleton,* for defendant in error.

HARDY, J.   Defendant in error files motion to dismiss for the reason that it does not appear that the original or a copy of the case-made was ever filed in the county court, and because it does not appear that case-made was prepared and served within 15 days after the date of the order appealed from, or within the time fixed by any valid order extending the time in which to prepare and serve same.

It does not appear that the case-made was ever filed in the office of the clerk of the county court, as required

by law. The certificate of the trial judge is attested by the clerk of the court, but the seal of the court is not attached thereto, as required by section 5242, Rev. Laws 1910.

By the provisions of section 5242, *supra*, it is required that the case, when settled and signed by the judge, shall be attested by the clerk and the seal of the court attached thereto, and it shall then be filed with the papers in the case; and, in the absence of a request for leave to with- draw case-made and file same and have the seal attached thereto, it will be stricken from the files of this court. *Stallard et al. v. Knapp*, 9 Okla. 591, 60 Pac. 234; *Olig- schlager v. Grell*, 13 Okla. 632, 75 Pac. 1131; *Oklahoma City v. McKean*, 39 Okla. 300, 135 Pac. 19; *Marple v. Bank*, 28 Okla. 810, 115 Pac. 1124; *Abbott v. Rogers*, 35 Okla. 189, 128 Pac. 908; *Peck v. Stephens*, 35 Okla. 468, 130 Pac. 276; *Montemat v. Johnson*, 42 Okla. 443, 141 Pac. 779; *Canfield v. Bell et al., ante*, 149 Pac. 1088.

The verdict was rendered on the 15th day of Septem- ber, 1914, motion for a new trial was filed on the 17th day of September, and overruled on the 5th day of Octo- ber, 1914, upon which day judgment was rendered. The first order of extension was made on the day the verdict was rendered, and no other order allowing an extension of time was made until the 19th day of November, 1914, which was 44 days after the motion for a new trial was overruled and judgment rendered. In the case of *Plant- ers' Mutual Insurance Co. v. Rose et al.*, 27 Okla. 530, 112 Pac. 966, it is held:

"A trial court or judge is without authority to make, before the order or judgment appealed from is rendered, an order extending the time within which to make and serve a case-made."

It thus appears that the order of September 15, 1914, before the motion for a new trial was filed or overruled, and before judgment was rendered, was a nullity, and, 44 days having elapsed from the time the motion for a new trial was overruled and judgment was rendered and the making of the second order of extension on November 19, 1914, the time within which the court or judge thereof could lawfully have made an order extending the time in which to prepare and serve case-made had elapsed, and said second order and all subsequent extensions were void. *First Nat. Bank of Shawnee v. Okla. Nat. Bank of Shawnee,* 29 Okla. 411, 118 Pac. 574; *Fife v. Cornelous,* 35 Okla. 402, 124 Pac. 957.

It therefore follows that the case-made is a nullity, and same is stricken from the files of this court. The record being certified as a transcript, the case will be retained for the determination of those errors assigned that appear upon the face of the record.

All the Justices concur.