## TARKENTON v. CARPENTER.

No. 4742. Opinion Filed June 29, 1915.

(150 Pac. 482.)

APPEAL AND ERROR—Case-Made—Failure to Attach Seal—Dismissal. Where a case-made is signed by the trial judge and is attested by the clerk of the court, but the seal of the court is not attached thereto, it is not sufficiently authenticated, as required by the statute, to constitute a valid case-made, and the judgment of the trial court cannot be reviewed, and the appeal will be dismissed.

(Syllabus by Watts, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by L. W. Tarkenton against Ira Carpenter. Judgment for plaintiff for less than claimed, and he brings error. Dismissed.

*Bridges & Vertrees,* for plaintiff in error.

*Johnson & Stevens,* for defendant in error.

Opinion by WATTS, C.   This case presents an attempted appeal from the district court of Jefferson county, where the plaintiff in error brought suit against the defendant in error to recover for services as real estate agent.   Judgment was rendered for plaintiff below for $1 and costs.   Motion for new trial was overruled on the 9th day of September, 1912, and plaintiff appeals.

Sixty days were given to make and serve case-made. September 16, 1912, case-made was presented to the trial judge, who signed and settled the same, and thereafter, on January 13, 1913, was filed in the office of the clerk of the district court, on which date the clerk thereof attested the signature of the trial judge but failed to attach the seal of the court.   The pretended case-made and petition in error were filed in this court January 20, 1913.

Under section 6074, Comp. Laws 1909 (sec. 5242, Rev. Laws 1910), it is provided that:

"The case and amendments shall be submitted to the judge, who shall settle and sign * * * same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached.   It shall then be filed with the papers in the case."

As we understand the law, the clerk of the court must, in addition to attesting the signature of the trial

judge, attach the seal of the court. The above provision of the statute is mandatory, and therefore the judgment of the trial court cannot be reviewed here. *Stallard et al. v. Knapp,* 9 Okla. 591, 60 Pac. 234; *Oligschlager v. Grell,* 13 Okla. 632, 75 Pac. 1131; *Okla. City v. McKean,* 39 Okla. 300, 135 Pac. 19.

The petition in error should, therefore, be dismissed.

By the Court: It is so ordered.