BOARD OF COM'RS OF CREEK COUNTY v. STATE ex rel. JONES.

No. 4703.   Opinion Filed June 29, 1915.

(150 Pac. 455.)

1. **APPEAL AND ERROR—Case-Made—Attestation—Seal.** Where the certificate of the trial judge to a purported case-made is not attested by the clerk of the court and the seal of the court attached to such attestation, such purported case-made is a nullity and presents no question for review.

2. **APPEAL AND ERROR—Transcript—Form—Seal.** Where a purported case-made is attempted also to be certified as a transcript, the certificate of the certifying clerk must be substantially in the form required by rule 16 of this court (38 Okla. viii, 137 Pac. x) and have the seal of the clerk attached to

Board of Com'rs of Creek County v. State.

such certificate; and, if the seal of said court be not so attached, such attempted transcript is a nullity and presents no question for review.

(Syllabus by Collier, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Suit for mandamus by the State, on the relation of J. J. Jones, against the Board of County Commissioners of Creek County, Oklahoma. Judgment for the relator, and the defendant brings error. Dismissed.

This is an attempted appeal from a judgment of the district court of Creek county, awarding a peremptory mandamus against the defendants in error, "commanding that, immediately upon receipt of this writ, they refund to the said J. J. Jones the sum of $170.93 and the sum of $105.42, respectively, being the respective sums set forth in plaintiff's motion herein as having been erroneously and illegally assessed and collected from the said relator, J. J. Jones, by the county of Creek, and that the said board of county commissioners immediately issue their order upon the county treasurer of Creek county, requiring him to pay to the said J. J. Jones the said respective sums of $170.93 and $105.42 out of any undistributed funds in his hands, etc." The purported case-made shows that the certificate of the trial judge thereto was not attested by the clerk of said district court under the seal of said court; but it is also attempted to be certified by the clerk of said court, but not under the seal of said court, as a transcript.

*Vick S. Decker,* Co. Atty. of Creek County *(W. Morris Harrison,* of counsel), for plaintiff in error.

*J. E. Bennett* and *Floyd A. Calvert, amici curiae.*

Opinion by COLLIER, C. (after stating the facts as above). The certificate of the trial judge to the purported case-made filed in this case not being attested by the clerk of such trial court, with the seal of such court attached, such purported case-made is a nullity, and confers no jurisdiction upon this court to review any question presented by such purported case-made. *Stallard v. Knapp,* 9 Okla. 591, 60 Pac. 234; *Oligschlager v. Grell,* 13 Okla. 632, 75 Pac. 1131; *Montemat v. Johnson,* 42 Okla. 443, 141 Pac. 779.

Rule 16 of this court (38 Okla. viii, 137 Pac. x) prescribes the form of a certificate to a transcript when the appeal to this court is upon a transcript of the record of the trial court, and prescribes that such certificate must be under the seal of said court, and, as the certificate of said clerk to the purported case-made is not made under the seal of said court, consequently said purported case-made cannot be considered as a transcript of the record of the proceedings of the trial court in this cause. *Childers v. Fleetwood,* 39 Okla. 455, 135 Pac. 931.

As the purported case-made is a nullity, and the same cannot be regarded as a transcript, this appeal should be dismissed.

By the Court: It is so ordered.