FIELDS *et al.* v. FIELDS *et al.*

No. 4713. Opinion Filed July 27, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 245.)

1. **APPEAL AND ERROR—Presentation for Review — Evidence — Transcript.** Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced below, the Supreme Court cannot review the same upon a transcript of the record.

2. **SAME.** Assignments of error to the effect that the court erred in finding: (1) That W. D. Berry was not an innocent purchaser; (2) that Tina Fields inherited said lands, and rendering judgment decreeing said lands to her as an inheritance, and that she had any interest, title, or claim to said lands, and in canceling the said deed of Tina Fields to Isaac Fields, and the deed from Isaac Fields to W. D. Berry; and (3) in overruling plaintiff's motion for a new trial—cannot be presented for review upon a transcript of the record, because the same cannot be determined except by an examination of the evidence.

(Syllabus by Collier, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by Tina Fields against Isaac Fields and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

*Geo. L. Burke* and *Burke & Harrison,* for plaintiffs in error.

*Burt & Shaha (W. H. McNeal,* of counsel), for defendants in error.

Opinion by COLLIER, C. This is a suit brought by defendant in error Tina Fields to set aside a quitclaim deed from her to Isaac Fields, and a fee simple deed by said Fields to W. D. Berry, to a certain tract of land in Creek county, allotted to her deceased son, and to set aside a pretended deed from her said son to Cecil Taylor, made several years prior to the Fields-Berry deed, and to cancel a lease thereon by Washington Fields and H. E. Bartlett. No defense was made by Taylor or Bartlett. The case was tried to the court. All the transfers in question were decreed canceled, and said lands to belong to defendant in error. Plaintiffs in error, Isaac Fields and W. D. Berry, moved the court to vacate the decree rendered and grant a new trial, which motion the court overruled, and said Fields and Berry duly excepted. From said decree, said Fields and Berry appeal to this court, both by an attempted case-made and a transcript of the record.

The errors assigned are as follows:

"(1) In finding that W. D. Berry was not an innocent purchaser; (2) in finding that plaintiff, Tina Fields, inherited said lands, and rendering judgment, decreeing said lands to her as an inheritance, and that she had any interest, title or claim to said lands, and in canceling the said deed of Tina Fields to Isaac Fields and the deed

from Isaac Fields to W. D. Berry; (3) in overruling plaintiff's motion for a new trial."

The case-made is a nullity, by reason of the fact that the certificate of the judge to said pretended case-made is not attested by the clerk of the trial court; nor has it attached thereto the seal of said court. *Board of County Com'rs of Creek County v. State ex rel. Jones,* 48 Okla. 477, 150 Pac. 455; *Montemat v. Johnson,* 42 Okla. 443, 141 Pac. 779; *Oligschlager v. Grell,* 13 Okla. 632, 75 Pac. 1131; *Stallard v. Knapp,* 9 Okla. 591, 60 Pac. 234.

The transcript is properly certified, and entitles the party appealing to a consideration of the same. Said assignments of error do not present for review any question that can be considered upon a transcript of the record. In *Nelson v. Glenn,* 28 Okla. 575, 115 Pac. 471, it is held:

"Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced below, the Supreme Court cannot review the same upon a transcript of the record."

The errors assigned in the instant case cannot be reviewed without an examination of the evidence introduced in the trial court. This we cannot do, because the evidence is not properly before us.

In *Jones v. Lee,* 43 Okla. 257, 142 Pac. 996, it is held:

"Assignments of error to the effect that the trial court erred in giving certain instructions, that the verdict is excessive, that the trial court erred in overruling the motion for a new trial, etc., cannot be presented for review upon a transcript of record.'

See, also, *Glaser v. Glaser et al.,* 13 Okla. 389, 74 Pac. 944; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Ludwig v. Benedict,* 33 Okla. 300, 125 Pac. 739.

We have carefully examined the record proper in this case, and find no reversible error disclosed thereon.

This case should be affirmed.

By the Court: It is so ordered.