COURTNEY v. MOORE *et al.*

No. 5361.    Opinion Filed September 28, 1915.

(151 Pac. 1178.)

1. **APPEAL AND ERROR—Record—Amendment.** A record, which contains no copy of the final judgment sought to be reversed, presents no question to this court for its determination; but where it appears from the case-made that a final judgment was actually rendered, which has been omitted from the case-made, the plaintiff in error will be allowed to withdraw the record for amendment, under the provisions of Rev. Laws 1910, sec. 543.

2. **SAME—Right of Appeal—Order of Court.** Appeals in this state are matters of statutory right, and no order of the court is necessary allowing an appeal.

3. **SAME—Case-Made—Time to Make and Serve—Extension—Order.** It is not necessary for the application to extend the time to make and serve a case-made to appear in the transcript, and where the court below made such an order, which recited that it appeared to the court, for good cause shown, that the time should be extended, and granted an extension, **held** that it sufficiently appears that such order was made on application of the plaintiff in error.

4. **SAME—Case-Made—Time to Make and Serve—Extension—Notice—Finding of Fact.** It is not necessary that the defendant in error have notice of the application to extend the time to make

and serve a case-made, and the finding of the trial judge that good cause has been shown is a finding of fact that this court cannot review.

5.    SAME—Case-Made—Time for Making and Serving—Extension. An order extending the time to make and serve a case-made for more than six months from the judgment appealed from is void; but where the motion for a new trial was overruled on March 1st, and an extension of 90 days was given to make and serve the case, and before this time expired another order was made giving 90 days from the expiration of the time given in the first order, **held,** that the 180 days thus given is not six calendar months from March 1st.

6.    SAME—Case-Made—Time for Making—Extension—Irregularity in Order—Waiver. An order extending the time to make a case-made, but giving no time to suggest amendments or for notice of the settlement of the case is irregular, but not void, and such irregularity is waived if the defendant in error, within six months from the final order, waives the suggestion of amendments and consents to the settlement of the case-made by the judge.

7.    SAME—Record—Right to Withdraw for Correction. Where the case-made, as sent to this court, does not show that the clerk attested and affixed the seal of the court to the signature of the judge to the case-made, but the plaintiff in error files an affidavit that the clerk did actually attest the case-made and put his seal thereto, and asking to withdraw the record for correction, **held,** that permission will be given to withdraw the record, with direction to the district court to find the true facts and certify his findings to this court.

(Syllabus by Devereux, C.)

*Error from District Court, Craig County;*
*Preston S. Davis, Judge.*

Action by J. L. Courtney against W. L. Moore and others.    Judgment for defendants, and plaintiff brings error.    On motion to dismiss.    Motion denied on condition that plaintiff in error correct record.

The defendants in error move to dismiss the appeal on the following grounds:

"(1)    There is no judgment from which the plaintiff in error, plaintiff in the lower court, can appeal.

"(2)    There is no order of court allowing an appeal, and plaintiff in error did not ask for and obtain an order for an appeal, but only to make and serve a case-made.

"(3)    That the case-made was not served within the time allowed by the court, which was 90 days from March 1, 1913.

"(4)    That there was no application of any kind whatsoever made by J. L. Courtney, plaintiff below, and plaintiff in error here, or by any one in his behalf, for the purported order made on May 26, 1913, by which the judge of the district court of Craig county, Okla., attempted to further extend the time for making and serving a case-made, until 90 days from and after the time previously allowed, which was 90 days from March 1, 1913, and without such application being made the court was without authority or jurisdiction to make any order extending the time for making and serving a case-made.

"(5) That the purported order attempted to have been made on May 26, 1913, by which the judge of the district court atempted to extend the time for making and serving a case-made, is void for the following reasons:    First. The court had no application before it, either verbal or written, asking that time be granted and extended for making and serving a case-made, and was without jurisdiction to make such an order extending the time, as no just or good cause was shown by any application upon which to base an order. Second. The order is void because it fails to provide time to suggest amendments and settle and sign the case-made. Third. The order is void because the time allowed in said order of 90 days after the expiration of the original time granted to make, serve, settle, and sign the case-made, takes it beyond the time allowed under the law to make and serve a case-made and file the same in the Supreme Court of Oklahoma, which time allowed under the law is six months.    Fourth. The order is void because the court was without jurisdiction to make an order extending the time beyond six months in which to make, serve, settle, and sign

a case-made and place the same on the docket of the Supreme Court."

To this motion the plaintiff in error filed the following reply:

"Plaintiff in error says, in response to the motion and allegations thereof, that a judgment was rendered and the case-made so shows, and that the allowance of the appeal by the lower court was not necessary, and the case-made was served in due time, and the allegation that no application was made for an extension of time is not true, neither was time extended beyond the time for appeal, neither was it necessary to give time for suggestion of amendments.

"For further response, the defendants in error, by J. S. Davenport, their attorney, on what purports to be May 27, 1913, signed a stipulation showing: That the case-made was full, true, and correct, and waiving the suggestion of amendments, and consenting to the settling of the same, and requesting the judge to settle the same, and order it certified by the clerk and filed, and waived issuance and service of summons. That the date given to said stipulation is evidently wrong, and should be June. That the clerk did actually attest the case-made, and certified it, and put the seal of the court thereon, but failed to sign at the place opposite the judge's signature. The plaintiff in error says that the judge ordered the case-made certified by the clerk and attested, and, until an inspection of the case-made on September 15th, the counsel for plaintiff in error was not aware of the clerk's failure to put his name opposite the name of the judge. Plaintiff in error asks the court, in case the omission mentioned is deemed material, to make an order permitting the correction."

*W. H. Kornegay,* for plaintiff in error.

*James S. Davenport,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). We will proceed to consider the grounds of the motion in their order.

That there is no judgment set out in the case-made: That it is necessary that a copy of the final judgment appealed from should be set out in the case-made is well settled. In *Gardenhire v. Burdick*, 7 Okla. 212, 54 Pac. 483, it is said:

"This purports to be an appeal from a judgment of the district court of Payne county. The record consists of a case-made regularly served, signed, authenticated, and filed. The case-made contains no copy of the judgment or final order of the court in said cause."

By reason of the omission, the appeal was dismissed. And the same rule was followed in *Sproat v. Durland*, 7 Okla. 230, 54 Pac. 458; *Ford v. McIntosh*, 22 Okla. 423, 98 Pac. 341; *Meadors v. Johnson*, 27 Okla. 543, 117 Pac. 198; *In re Cochran's Estate*, 48 Okla. 672, 149 Pac. 1089. The case-made in the case at bar does not contain a copy of the journal entry, but does contain the following:

"Motion for a new trial heard and overruled. Judgment and decree for defendants on verdict as per journal entry. Plaintiff excepts."

We do not think this entry complies with the rule announced in the above cases. Rev. Laws 1910, sec. 5143, provides:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

An entry, whether on the journal or the minutes, in the form above set out, does not comply with the statute, for it does not specify clearly the relief granted. In *Randall v. Wadsworth*, 130 Ala. 633, 31 South. 555, a question very nearly identical with that under consideration was presented. In that case it is said:

"It has been repeatedly decided by this court that a mere recital in the record to the effect that 'demurrer was overruled,' or 'sustained,' is nothing more than a memorandum, wholly wanting in the essential elements of a judgment, and therefore insufficient to support an assignment of error."

However, it appears from the record with sufficient certainty that a journal entry was signed, and under the provisions of Rev. Laws 1910, sec. 5243, the plaintiff in error should be allowed, if he elects so to do, to withdraw the record and supply the journal entry.

The next ground of the motion is that the court made no order allowing the appeal. In this state no such order is necessary. Appeals are given by statute, and in proper cases they are matters of right.

The next ground of the motion is that the court made the order extending the time to make and serve a case-made, without application on the part of the plaintiff in error. This is not sustained by the record, for the order recites:

"Now on this 26th day of May, 1913, it appearing to the court for good cause shown that the time should be extended," etc.

It is not necessary that the record set out the application for an extension of time, for when the court finds that good cause has been shown for the extension, it necessarily follows that the cause was shown by plaintiff in error. It is not necessary that the adverse party have notice of the application to extend the time, and the finding of the trial judge that good cause has been shown is a finding of fact, not subject to review by this court. *Pappe v. American Fire Ins. Co.*, 8 Okla. 97, 56 Pac. 860; *St. Louis Commission Co. v. Calloway*, 5 Okla. 393, 395, 47 Pac. 1088.

The next ground of the motion is that the order extending the time is void: (a) Because the court had no application before it, asking that time be granted. This has been disposed of. (b) The order is void because it fails to provide the time to suggest amendments. The order was certainly irregular in this respect, and had the defendants stood on their rights this appeal would have been lost. It is decided in *Cummings v. Tate,* 47 Okla. 54, 147 Pac. 304, that the time allowed for the suggestion of amendments to a case-made commences to run from the expiration of the period of extension, and not from the date of the service, but it is held in the same case that this may be waived. In the case at bar, the motion for a new trial was overruled on March 1, 1913, and 90 days given to make and serve case. On May 26th, 90 days additional time was given, after the time previously granted, and while this order contained no provision for time to suggest amendments, or for the settling of the case, the defendants in error have waived any error in this respect; for on May 27, 1913 (and it is not material whether the true date was May or June, 1913), the defendants in error stipulated that this was a correct case-made, waived all rights to suggest amendments, and agreed that the judge might settle the same without further notice. This brings this case directly within the decision in *First Bank of Maysville v. Alexander,* 47 Okla. 459, 149 Pac. 152. In that case an order was made extending the time for making and serving the case-made, which expired within six months, but the time to suggest amendments carried it beyond six months from the time of overruling the motion for a new trial; but as a fact, as in the case at bar, the case-made was signed, settled, and docketed in this court within six months. The court says:

"An order extending the time to prepare and serve case-made and to suggest amendments thereto, and requiring same to be settled upon certain notice prescribed by the order, which extends the time of suggesting amendments beyond the six months' period allowed by statute, is not void where the order requires that case-made be made and served within six months. In such case the defendant in error may claim the full time allowed by the order, and the court would have no authority to settle same after the expiration of six months; but if the defendant in error waives the time prescribed therein and suggests amendments which are allowed, * * * and waives notice of the time and place of settlement thereof, and petition in error with case-made attached is filed in this court within the six months' period, same will be valid."

This case is directly in point and governs the one under consideration.

The next ground of the motion is that an order extending the time to make and serve a case-made beyond the period of six months from the order appealed from is void. This is true, if the order does extend the time to make and serve case for more than six months. *Reed v. Wolcott,* 40 Okla. 451, 139 Pac. 318. But the order in the case at bar does not extend the time to make and serve case-made for six months. The entire extension is for 180 days from March 1, 1913, and this is less than six months. See *Ball v. Freeman,* 48 Okla. 298, 149 Pac. 1158.

The most important question presented is whether this appeal must be dismissed because the signature of the trial judge to the certificate is not attested by the clerk. This certificate is dated July 7, 1913, and the case was docketed in this court on July 19, 1913, so that the time to perfect the appeal has long since expired. That it is necessary for the signature of the judge to the certificate to be

attested by the clerk with the seal of the court is well established. Rev. Laws 1910, sec. 5242; *Stallard v. Knapp,* 9 Okla. 591, 60 Pac. 234; *Oligschlager v. Grell,* 13 Okla. 632, 75 Pac. 1131; *Tarkenton v. Carpenter,* 48 Okla. 498, 150 Pac. 482; *Board of Com'rs of Creek County v. State ex rel.,* 48 Okla. 477, 150 Pac. 455.

The plaintiff in error argues that because the clerk has signed and sealed a certificate it is a complete transcript and copy of all the records, pleadings, orders, motions, and proceedings had in the cause, and that this takes the place of the attestation of the judge's signature to the certificate. But we do not agree with this. In the first place, the statute expressly provides that the clerk shall attest the judge's signature, and attach the seal of the court thereto. If any reason is needed for requiring the express provisions of a statute to be observed, it may be said that, while we take judicial notice of who the judge is, we do not take judicial notice of his signature, and for this reason the clerk is required to attest the judge's signature under the seal of the court. However, in the case at bar the plaintiff in error has filed a verified reply to the motion to dismiss on this ground, in which he sets up that the clerk did actually attest the case-made and filed it and certified it. Under the circumstances, we will not dismiss the appeal.

In *Midland Valley R. Co. v. Berry,* 46 Okla. 652, 149 Pac. 242, it is held:

"Under section 5243, Rev. Laws 1910, the Supreme Court has the authority to permit the case-made to be withdrawn for correction, and matters omitted therefrom may, under the direction of the trial judge, be incorporated in the case-made."

And in the opinion it is said:

"It is not within the province of this court to decide which affidavits are true, but under section 5243, Rev. Laws 1910, the motion of defendant in error will be allowed, and it is hereby ordered that the defendant in error is granted permission to withdraw the case-made for the purpose of making such correction, if supported by the facts, and such correction is to be made according to the true facts to be determined by the trial court, the same to be made in 30 days from this date, upon five days' notice to the plaintiff in error."

In the case at bar, the plaintiff in error expressly set out in a verified answer that the clerk did actually attest the case-made. If the clerk did not attest the signature of the judge, a different question will be presented; but we will not decide that question until the facts are before us. *England Bros. v. Young*, 25 Okla. 876, 105 Pac. 654. In *Bettis v. Cargile*, 23 Okla. 301, 100 Pac. 436, in construing section 5243, it is said:

"Section 1 of an act of the Legislature, entitled 'An act providing for the correction of court records,' approved March 15, 1905 (Laws 1905, p. 322, c. 28), authorizes this court, after any record or case-made is filed in this court on appeal taken, where it appears that any matter which is of record in the court from which the appeal * * * has been omitted, to prepare, under the direction of the judge who tried the cause, such omitted parts and file the same in this court, and that such corrections shall then have like force and effect as though they had been originally incorporated in the record or case-made. But the provisions of this act do not authorize this court to begin proceedings to correct the record of the trial court, or to have *nunc pro tunc* orders made in that court or in this court, in order that this court may obtain jurisdiction of a case on appeal. The party seeking the jurisdiction of this court from the judgment of the trial court has upon him the burden of preparing the record in his case so as to confer jurisdiction upon this court. If, after he has done so, and on appeal

some part of the record in the trial court has been omitted or incorrectly stated in this court, and such is made to appear to this court, same under said act may be supplied or corrected; but there is no statute to our knowledge that authorizes this court to correct errors or supply omissions in the record of the trial court. This should be done by proceedings in that court."

We therefore recommend that the plaintiff in error be allowed to withdraw the record for corrections within ten days after notice of the order, if such corrections are supported by the facts, and such corrections are to be made according to the true facts, by the district judge of Craig county, after notice of five days to the defendants in error, and said district judge of Craig county shall certify his findings to this court, and the case-made, as corrected, as herein directed, shall be returned and filed in this court, within 30 days from the date of this order.

By the Court: It is so ordered.