## STATE EXCH. BANK OF ELK CITY v. NATIONAL BANK OF COMMERCE OF ST. LOUIS, MO., et al.

No. 8112—Opinion Filed Nov. 6, 1917.

Rehearing Denied July 23, 1918.

(169 Pac. 482.)

1. **Appeal and Error—Time for Case-Made —Extension.**

An order made by the trial court extending the time for making, serving, and settling a case-made beyond the period of 6 months within which an appeal may be had is a nullity, but does not operate to prevent the subsequent making of a valid order of extension. The trial court may, afterwards and before the expiration of an extension theretofore properly allowed, extend and limit such time to a date within the 6 months allowed for appeal.

2. **Same—Notice—Review.**

The trial court may extend and limit the time for making, serving, and settling a case-made without notice to the appellee and without the appellee being present at the time the order is made, and the finding of the trial court that good cause is shown cannot be reviewed on appeal.

(Syllabus by Stewart, C.)

Error from District Court, Beckham County; T. P. Clay, Judge.

Action between the State Exchange Bank of Elk City, Okla., and the National Bank of Commerce of St. Louis, Mo., and others. Judgment for the latter, and the former brings error. Motion to dismiss appeal denied.

Keaton, Wells & Johnston, R. N. Linville, and Frank L. Williams, for plaintiff in error.

Asp, Snyder, Owen & Lybrand, E. H. Gipson, and Echols & Merrill, for defendants in error.

Opinion by STEWART, C. Defendants in error filed motion to dismiss the appeal in this case, setting up the following facts shown by the record, to wit: The motion for new trial was overruled September 28, 1915, and judgment rendered for defendant in error, the court on motion allowing the plaintiff in error 60 days from the 28th day of September within which to make and serve case-made. On the 20th day of Oc-

tober, 1915, on motion of the plaintiff in error, the court made an order extending the time for an additional period of 30 days. On the 24th day of November, 1915, the plaintiff in error obtained an extension of 60 days from the time theretofore granted. On the 28th day of January, 1916, the plaintiff obtained a further extension of 40 days, the defendant in error to have 10 days thereafter in which to suggest amendments, the case to be settled upon 5 days' written notice by either party. The total extensions given amounted to 190 days, not computing the time allowed to suggest amendments and settle the case. It appears from the record that on the 14th day of February, 1916, on application of the plaintiffs in error, the court made an order by which the order of January 28, 1916, was "modified and limited," and the plaintiff in error given until the 1st day of March, 1916, within which to make and serve case-made, the defendant in error to have until March 10, 1916, within which to suggest amendments, the case-made to be settled, signed, and certified on or before the 15th day of March 1916, upon written notice by either party. The case-made was served and settled upon notice duly given within the time allowed by the order of the 14th day of February, 1916. Petition in error was filed in this court on March 23, 1916, and within the 6 months allowed by law.

It is contended by the defendant in error that, under the terms of the order made July 28, 1916, the defendant in error had until the 15th day of April, 1916, within which to suggest amendments, such time being beyond the period allowed by law within which the appeal could be filed in this court, and that the trial court had no authority to modify or limit the time so allowed; that the order of February 16, 1916, was without authority; and that the case-made was not duly served and settled as required by law. It is claimed by defendants in error that they had no notice of the motion acted upon by the court on February 14, 1916. The order recites the presence of both parties, but in supplemental certificate to the case-made procured on motion of the defendants in error, the trial judge states that he has no personal recollection as to whether or not counsel for the respective parties were present.

Section 5246, Rev. Laws 1910, authorizes the court, in which any case has been tried and finally determined, from time to time, to make orders extending the time for making and serving a case and for the filing of proceedings in error, not beyond the 6-month period allowed by law for appeals.

The statutes do not require that the appellee have notice of an application to extend time, and it is laid down as the law of this court in the syllabus of Courtney v. Moore, 51 Okla. 628, 151 Pac. 1178:

"It is not necessary that the appellee have notice of the application to extend the time to make and serve a case-made, and the finding of the trial judge that good cause has been shown is a finding of fact that this court cannot review."

This court, as well as the Criminal Court of Appeals, has held in numerous cases that the order of the trial judge granting an extension of time to make and serve a case-made beyond 6 months from the date of judgment is a nullity and void. Reed v. Wolcott, 40 Okla. 451, 139 Pac. 318; Cummings v. Tate et al., 47 Okla. 54, 147 Pac. 304; Sommer v. Harn et al., 47 Okla. 249, 147 Pac. 1198; Courtney, v. Moore, 51 Okla. 628, 151 Pac. 1178; State v. Coyle et al., 11 Okla. Cr. 637, 150 Pac. 80. It must therefore follow that the order of the trial court of January 28, 1916, in which additional time of 40 days was given, is null and void.

It does not follow, however, that the trial court did not have authority afterwards and before the expiration of the extension of the time properly allowed to make a valid order extending time. The order of January 28, 1916, being absolutely void, must be treated as if the same were not made, but the making of the void order did not prevent the court from afterwards making a valid one. The order of February 14, 1916, in which the time of plaintiffs in error to make, serve, and settle case-made was extended and limited to 15th day of March, 1916, is valid, as the time for appeal did not expire till March 28, 1916, and the order was made before the expiration of the time properly allowed by the order of November 24, 1915.

It being settled in this court that it is not necessary to notify the appellee of an application to extend the time to make and serve case-made, it is immaterial whether or not the defendants in error were notified or were present at the time the court made the order.

The case-made was duly served and settled and appeal perfected as required by law. The motion to dismiss is denied, and, it appearing that the plaintiff in error has filed brief on the merits, the defendants in error are allowed 30 days to file answer brief.

By the Court: It is so ordered.