BENNETT ET AL VS. SAN ANTONIO R. E. B. & L. ASSOCIATION.

SUPREME COURT, AUSTIN TERM, 1882.

*Corporation—Defaulting Official—Liability of Sureties—Negligence of Directors.*—The authorities are conclusive that gross negligence in the officers of a corporation in failing to examine the books and detect frauds committed by an official will not discharge a surety on that official's bond, given thereafter, if such frauds were unknown to and unsuspected by those officers. Had there been fraudulent representations or fraudulent concealment on the part of the directors, the sureties would have been discharged because of the fraud.

The negligence of directors in examining accounts of an official which they approved, was a failure of duty to the corporation, but not of a duty which they owed to parties about to become sureties on the bond of the official.

Appeal from from Bexar county.

Opinion by Gould, C. J.

This judgment was rendered against appellants as sureties on the bond of R. H. Neal for the faithful performance of his duties as secretary of the defendant corporation during his continuance in office, the bond bearing date of September 30, 1878, and being in the sum of $3000. The by-laws of the association required the secretary at each monthly meeting of

the board of directors to furnish a statement of the affairs' of the company. On the trial it was developed that Neal was actually a defaulter at the time Bennett and Lacoste signed his bond, and that the association through its proper officials had approved his accounts at that time. After the bond was given subsequent defalcations occurred from time to time largely in excess of the amount of the bond, which a witness says, might have been detected at any time by any competent bookkeepe within twelve hours after undertaking the examination of the books; that none of the finance committee had made an examination of Neal's accounts after the bond was given. There was no evidence of actual knowledge of Neal's defalcation on the part of any of the officers of the association at the time the bond was given or at the time any of the subsequent defalcations occurred. The claim is that the officers of the association were grossly negligent in approving the accounts of Neal, when a proper examination would have exposed his default; that the appellees were misled by this approval, and relying thereon executed the bond; that by reason of these facts they were not liable thereon. The authorities are conclusive that gross negligence in the officers of a corporation in failing to examine the books and detect frauds committed by an official will not discharge a surety on that official's bond, given thereafter, if such frauds were unknown, to and unsuspected by those officers. Topley vs. Martin, 116 Mass., 275; Wayne vs. Commercial National Bank, 52 Pa. St., 343; see especially the latter case for a review of the earlier cases on the subject.

Appellant cites the case of Grues vs. Lebanon National Bank, Sup. Ct. of Ky., 1874, (10 Bush.) That case was made to turn on the publication by the directors of an official report required of them by law for the information of the public, and on the presumption that those thereafter becoming sureties of the cashier relied on the truth of the published report. In this case there is no evidence that the approval of Neal's account was an act in anywise intended for the information of the public, or that there was any publication thereof. Without examining the case further it is evident that as an authority it does not go far enough to support the position

of appellants.  Had there been fraudulent  representations or fraudulent concealment on the part of the directors, the sureties would have been discharged because of the fraud.   The case presented is not one of fraud.   The negligence of the directors in examining the accounts which they approved was a failure of duty to the corporation, but not of a duty which they owed to parties about to become sureties of the secretary. Such evidence not accompanied or followed by some affirmative act or representation on which they had a right to rely, did not operate a fraud on the sureties nor discharge them from liability on their bond.   The case being tried by a court, a jury being waived and the court having  rendered judgment for the amount of the bond, we see no reason why that judgment should be disturbed.  Whilst various other  questions were presented in the original brief of counsel the brief last filed fails to notice any save those based on the negligence of the directors.   So also, we understand the error assigned by appellee not to be insisted on in the event the judgment on the bond be not disturbed.  We regard the question which we have disposed of as the only one requiring discussion and content ourselves with saying that we find no error in the judg ment of which either party has any  right to complain.   Affirmed.