## BENJAMIN FILES v. R. F. BALDWIN.

### No. 366.   (58 Pac. 1039.)

1. PRACTICE, DISTRICT COURT—*Time to Make Case—Authority of Judge.* Where, upon an order discharging an attachment, the time fixed by the court within which amendments to the case-made should be served extended beyond the time allowed by law in which proceedings to reverse said order could be filed, *held*, that the judge at chambers had authority so to modify the order of the court as to enable the case to be settled in time to be filed in the court of appeals.

2. ATTACHMENT—*Evidence Examined.* The evidence in this case examined, and held to be sufficient to justify the discharge of the attachment as to the property in controversy.

Error from Osborne district court; R. M. PICKLER, judge. Opinion filed November 4, 1899. Affirmed.

*Keene & Gates,* and *J. K. Mitchell,* for plaintiff in error.

*Smith & Nicholas,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.: Benjamin Files, the plaintiff in error, began a suit in the district court of Osborne county against Frank Worcester upon a promissory note, and caused an attachment to be issued and levied upon certain land in said county, after which he procured service on the defendant by publication. R. F. Baldwin and C. S. Gaunt, upon motion and notice, claimed to be the owners of the land attached and asked that the attachment thereon be discharged. The name of C. S. Gaunt appears in this motion, but does not appear in the notice of the hearing thereof, and it does not seem from the journal entry that he took any part in the hearing except as a witness. The motion to discharge the attached property was sustained by the

court, and its action in so doing is brought here for review.

The defendant in error moves this court to dismiss these proceedings in error for the reasons : (1) That there is a defect of parties; (2) that the petition in error shows that the judgment complained of was rendered by the judge at chambers while the record shows that it was rendered by the district court; and (3) that at the time of rendering said judgment the court made an order allowing the defendant a certain time in which to make suggestions of amendment and afterward the judge at chambers shortened said time.

Under the first head, it is alleged that C. S. Gaunt is a necessary party to this proceeding. We are unable to see that his rights could be prejudicially affected by the judgment of this court, as there was no adjudication for or against him in the trial court. As to the second ground for dismissal the mistake is obvious, and we do not see that any prejudice could result therefrom.

In relation to the third ground for dismissal, it appears that these proceedings are to reverse an order discharging an attachment, and, under section 595 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4861), could only be brought within thirty days from the time of making the order complained of, and, under the original order of the court fixing the time for making and settling the case and serving amendments, the proceedings would have been unavailing — a matter which seems to have been overlooked by court and litigants at the time. Justice to the plaintiff certainly required that the time should be so shortened as to make it possible to have a review. The judge at chambers had authority to extend the time and we think in the interest of justice he had authority to shorten it. The

judge, sitting as a court, inadvertently made an order which defeated the object of the law, and we believe he was authorized, when his attention was called to the fact, so to modify the order as to make it accomplish its purpose. The motion to dismiss will be denied.

The only material question in this case upon its merits is : Did the deed from Bradbury Worcester to Charles Pearsoll convey the title to the attached land as against the interest of the attaching creditors of Frank Worcester, the son and only heir at law of said Bradbury Worcester, now deceased?

It appears from the evidence that Bradbury Worcester was on February 26, 1898, the owner of the land in question, and being informed that he had but a short time to live, and advised that if he desired to attend to any business matters he should do so at once, replied that the only thing he had to attend to was the putting his farm in shape so that it could be used in settling up his son's indebtedness upon his official bond as sheriff of Grant county, Oklahoma, as he had previously expressed a desire to have done, and directed that a deed thereof be made at once to Charles Pearsoll for such purpose. A notary was procured and a deed filled out, but spoiled in signing. Another blank was then at his request handed him, and by him signed and acknowledged, and the son, by his instructions, filled it out, and after it was completed read it to his father, who approved the same. Pearsoll sold the land to R. F. Baldwin, the defendant in error, for $600, and the proceeds were applied to the payment of the debt to Grant county, as desired by the original owner, Frank Worcester, as agent for Pearsoll, making this sale and claiming no personal interest in the land. Baldwin agreed to sell the land

to C. S. Gaunt for $650, which sum was paid him and a deed made, but as this attachment proceeding had been commenced some kind of an understanding was had to let the matter stand, presumably until the final disposition of the attachment matter.

It seems to us that the judgment of the district court was just and fully warranted by the evidence. These plaintiffs had no claim upon Bradbury Worcester, and, so far as they were concerned, he had a perfect right to dispose of his property as he thought best. He could perpetrate no fraud upon them, for he owed them no duty. His property was applied as he undoubtedly desired it to be. As to Frank Worcester, he had a perfect right to prefer one creditor to another, and if this land had descended to him upon the death of his father, on March 1; 1898, he would have been justified in applying it to the payment of the Grant county debt, and, having recognized the validity of the transfer to Pearsoll and by his representations caused Baldwin to buy the land, he would be estopped from claiming title thereto, and these plaintiffs cannot claim a greater interest therein than he had when their attachment was levied thereon.

The judgment of the district court is affirmed.