## CITIZENS' STATE BANK OF OKEENE v. CRESSLER et al.

No. 6128—Opinion Filed Nov. 6, 1917.

Rehearing Denied Jan. 22, 1918.

(170 Pac. 230.)

1. **Appeal and Error—Case-made—Evidence—Review.**

Where a case-made contains a recital, "The above being all of the evidence," held the recital is sufficient to warrant the Supreme Court in reviewing the case where assignments of error require an examination of the evidence.

2. **Same—Exhibits.**

Where the case-made does not include an exhibit offered in evidence, but shows that the witness who identified the exhibit testified fully as to its contents, and the exhibit in no way affects the questions presented for review, the case will not be dismissed.

3. **Appeal and Error—Case-made—Extension of Time—Construction.**

An order extending the time to make and serve case-made for more than six months from the judgment appealed from is void; but where the motion for a new trial was overruled on September 24, 1913, and 90 days was given from that date to make and serve case-made, and before this time expired another order was made giving 90 days from the expiration of the time given in the first order, held, that the 180 days thus given is not 6 calendar months from September 24, 1913.

4. **Same—Extension Order—Validity.**

An order extending the time to prepare and serve case-made and to suggest amendments thereto, and requiring same to be settled upon certain notice presented by the order which extends the time beyond the six months' period allowed by statute, is not void where the order required that the case-made be made and served within six months.

5. **Same—Modification of Order.**

Where an order does not extend the time more than six months from date of judgment for making and serving case-made and is made before the time given the last order expires, the trial court has authority to modify the order previously made shortening the time already granted so as to enable the case to be settled in time prescribed by statute to be filed in the Supreme Court.

6. **Trial—Instructions—Evidence.**

Where the evidence shows an entire absence of misrepresentation by the principal creditor, entire absence of collusion between the principal debtor and the creditor, or knowledge of the misrepresentation by the principal debtor to the creditor, it is error for the trial court to instruct the jury upon question of fraud by misrepresentation of fact by the creditor.

(Syllabus by Pope, C.)

Error from District Court, Blaine County; James R. Tolbert, Judge.

Action by the Citizens' State Bank of Okeene, Okla., against E. E. Cressler, David Rusch, and others to foreclose a mortgage and for personal judgment on a note. From a judgment in favor of defendant David Rusch, plaintiff brings error. Reversed and remanded.

Wm. O. Woolman, for plaintiff in error.

Foose & Brown, for defendants in error.

Opinion by POPE, C. Adam Schuber, David Rusch, and J. H. Schuber gave a note to the plaintiff bank for $994.45, the first as principal, and the others as sureties. After the note became due the bank took a renewal note for $1,500 for this and another indebtedness of Adam Schuber; the renewal note being signed by Adam Schuber and David Rusch only, but secured by a second mortgage on land owned by Adam Schuber. After the maturity of this renewal note the bank at the request of both Rusch and Schuber accepted a part payment in cash and a renewal note for the sum of $1,350 for the balance. This last note was signed by Adam Schuber and David Rusch, and was secured by a mortgage on the land above mentioned, and was subject to a first mortgage for $2,000 to the Boardman Land & Loan Company.

Adam Schuber having died, the bank brought this action to foreclose the last mortgage and for judgment against Rusch on the last note. Rusch claims that he signed the note sued on by reason of the false and fraudulent representations by the bank that the land belonging to Adam Schuber on which he gave a mortgage to the bank was subject only to one prior mortgage for $2,000, when it was also subject to another mortgage to one Fisher for $949.75; also claimed that the note was given under an agreement that it would also be signed by H. J. Schuber as additional surety.

The record discloses that David Schuber and Adam Schuber were close personal friends, that the land included in the two successive mortgages given by Schuber to the bank was mortgaged by him to Fisher on the day before the renewal mortgage was given to the bank, and was recorded at the unusual hour of 7:10 a. m. of the day that Adam Schuber and David Rusch gave to the bank the note sued on in this case. The uncontradicted evidence shows that the bank had no knowledge of the existence of the Fisher mortgage at the time the renewal mortgage was taken.

The defendant in error insists that the assignments of error require an examination of the evidence, and that this cannot be done because the case-made does not contain a recital that it includes all of the evidence, and asks that the appeal be dismissed for that reason. That a case-made in order to enable a review of questions depending on the evidence must contain a recital that it includes all the evidence has been so often affirmed in this jurisdiction that citation of authorities is deemed to be unnecessary. The defendant in error relies on the fact that the case-made does not contain a recital that it includes all of the evidence adduced at the trial. At the close of the evidence appearing in the case-made is the following: "The above being all of the evidence." While this language is not as formal as the usual recital, it seems to carry precisely the same meaning, and this court will not be so extremely technical as to hold this recital insufficient.

The defendant in error goes further, and contends that, if the recital is sufficient, still the appeal must be dismissed for the reason that the case-made affirmatively shows that it does not include all of the evidence; the contention being that a certain Exhibit 4 does not appear in the case-made. It does not, but upon examination of the case-made it does not appear that the Exhibit 4 was ever received in evidence, and that it is shown that the Exhibit 4 was offered in evidence, but beyond that the record is silent.

Even if this exhibit was received in evidence, its omission from the record would not present a sufficient reason for dismissing this appeal. The exhibit was a sheet taken from the liability or note record of the bank. Its contents appear in the record. If of any value, it was only as affecting the question of the credibility of a witness, a question with which this court has no concern, and has no connection whatever with any question presented to this court, nor is it claimed to have any such connection.

As a matter of fact, there was no controversy or question as to the giving of the notes or as to their form. From the foregoing it is obvious that the grounds for dismissing the appeal are entirely technical. No claim is made that either of the claimed defects in the record will in any way prevent this court from arriving at a correct conclusion or prevent a full consideration of every element necessary to the proper determination of the questions here presented. No claim is made that the record does not show all the proceedings which in any way affect any of the questions here presented.

We are of the opinion, therefore, that the appeal should not be dismissed for the technical error of omitting from the record something which in no way prevents the court from intelligently passing on the questions involved.

Rev. Laws 1910, § 4791, provides:

"4791. Immaterial Errors to be Disregarded.—The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse

party; and no judgment shall be reversed or affected by reason of such error or defect."

It may be said that the above statute relates to proceedings in the trial court; for it is found in an article of the statute relating to the trial court proceedings. While this is true, this court in the case of School District No. 39, Kiowa County, v. Fisher, County Treasurer, 23 Okla. 9, 99 Pac. 646, is sufficient to make this application permissible. Would it not be a perversion of justice to reverse a judgment by reason of an error which could not have influenced the result? The courts have always so held. 4 Corpus Juris, p. 908, says:

"It is a rule of appellate procedure of universal application that a party cannot assign as error that which is not prejudicial to him."

And it cites numerous cases from practically every American jurisdiction. And when the record does not include an item of evidence when the record shows the contents of the omitted evidence, and it in no way affects the question presented for review, the case will not be dismissed.

The defendant in error also asks a dismissal on the ground that the order extending the time to make, serve, and settle the case-made was void and insufficient to give this court jurisdiction of the cause. On the 24th day of September, 1913, the date on which the motion for new trial was overruled, an order was made by the trial court extending the time to make and serve case-made for 90 days from that date, 10 days thereafter to suggest amendments, and to settle on 5 days' notice. On the 12th day of November, 1913, the court made an order giving 90 days additional time for making and serving case-made, giving 10 days to suggest amendments, and to settle on 5 days' notice. On the 24th day of January, 1914, the court made an order modifying the order made on the 12th day of November, 1913, shortening the time for making and serving case-made to February 15, 1914, 10 days thereafter to suggest amendments, and 5 days to settle.

It will be observed that the 180 days' extension given by the two orders is not 6 calendar months from September 24, 1913, and hence was within the time prescribed by statute to make and serve case-made and file the same in the Supreme Court.

The defendant in error contends further that the order is void because the time provided for suggesting amendments, which is in this case 10 days after the expiration of the 180 days, carries the case beyond the 6 months' limitation period, and that, the order extending the time being void, the court had no power to modify said order as, was done in this case on the 24th day of January, 1914.

These questions have been thoroughly settled in this jurisdiction. In the case of Courtney v. Moore et al., 51 Okla. 628, 151 Pac. 1178, the court held that an order extending the time to make and serve a case-made which did not exceed the 6 months provided by statute in which to file petition in error and case-made to the Supreme Court, but giving time to suggest amendments or for notice of settlement of the case-made which did extend beyond the 6 months' period, was irregular, but not void, for the reason that the time given by the order for suggesting amendments and for notice to settle may be waived, and in that event the case could be filed in the Supreme Court within the time prescribed by statute, and hence irregular, but not void.

In this case, had the defendant in error waived the suggestion of amendments and consented to the settlement of the case-made by the judge, the case would have been filed in the Supreme Court within the time prescribed by statute. The order of the trial court therefore was not void, but irregular, and hence it had the power to amend the same.

The Supreme Court of Kansas, in the case of Files v. Baldwin, 9 Kan. App. 425, 58 Pac. 1039, said:

"Justice to the plaintiff certainly required that the time should be so shortened as to make it possible to have a review. The judge at chambers had authority to extend the time, and we think, in the interest of justice, he had the authority to shorten it. The judge, sitting as a court, inadvertently made an order which defeated the object of the law; and we believe he was authorized, when his attention was called to the fact, to so modify the order as to make it accomplish its purpose."

The first paragraph of the syllabus in the case of Reed et al. v. Wolcott, 40 Okla. 451, 139 Pac. 318, is as follows:

"An order granting an extension of time to make and serve a case-made beyond six months from the date of the judgment, limited for the prosecution of writs of appeal, is a nullity; and while such order remains unmodified the court cannot settle the case, over the objections of defendants in error, though within the six months, since, they are entitled to three days from the expira-

tion of the time fixed for the service of the cause to suggest amendments thereto." —clearly indicating that this court approved the Kansas rule as to amendments shortening the time.

The merits of the controversy turn on the following instructions given by the trial court:

"No. 8. You are further instructed that, if you find and believe from a preponderance of the evidence in the case that at the time the defendant excuted the note sued on that the plaintiff through its representatives fraudulently represented to the defendant that the $2,000 mortgage in favor of the Boardman Land & Loan Company was the only mortgage against the Schuber land mentioned in the petition and upon which plaintiff then had a mortgage to secure the $1,500 note which was being renewed by the note sued on, and that said representations were made for the purpose of securing the defendant David Rusch's name to said note as security, and that said representations were false and were made for the purpose of deceiving the defendant, securing his signature to said note, and that the defendant was materially induced to sign said note by reason of said representations by the plaintiff's agents concerning the prior incumbrance, if made, and signed said note by reason thereof, then you are instructed that your verdict should be for the defendant.

"No. 9. In connection with the last and foregoing paragraph, No. 8, you are further instructed in relation to fraud that, if the plaintiff's representatives at the time and just prior to the execution of the note sued on represented and stated to the defendant as a fact that the $2,000 mortgage in favor of the Boardman Land & Loan Company was the only valid and subsisting prior incumbrance on the land of Schuber to the mortgage then held by the plaintiff to secure the $1,500 note which would be renewed in favor of the plaintiff by Adam Schuber to secure the note sued on, and these representations, if made, were made for the purpose of inducing the defendant to sign the note sued on as surety, and he relied upon such representations and signed said note as surety believing them to be true, then the plaintiff would be bound by such representations whether plaintiff's agent knew such representations were true or not. If, upon the contrary, the defendant, as a friend of Adam Schuber, went to the plaintiff bank for the purpose of giving this note and securing an extension of time on the debt it represented, and at the time he did so he did so voluntarily and acted on his own information or upon information gained from Adam Schuber, or from any other source other than the plaintiff's agents concerning said incumbrance, and did not rely upon the representations, if any, made by the plaintiff concerning said incumbrance, then the

plaintiff would be entitled to recover, and you should so say by your verdict, notwithstanding you should believe from the evidence that such representatives were so made by plaintiff's agents to the defendant."

When the record in this case is carefully examined, it will be found that the evidence merely shows that the principal debtor, Adam Schuber, and his surety, David Rusch, appeared at the bank, seeking a renewal of a $1,500 note signed by the principal and surety and secured by a second mortgage on the land of Schuber. The evidence shows that the day before Schuber had given a mortgage to one Fisher on the land which was not filed for record until the morning of the day on which the renewal was obtained. There is no evidence that either the bank or Rusch had knowledge of he Fisher mortgage, when it negotiated the renewal note and mortgage of November 18, 1910, and there is no evidence that the bank made any false representation of any kind in the transaction relating to the giving of the renewal note and mortgage. It follows therefore, that if there was any fraud on the part of the bank, it was not in making false representations, but in failing to know of the Fisher mortgage and in failing to notify the surety thereof.

The defendant Rusch, having pleaded fraud, had the burden of proving it. Owen v. United States Surety Co., 38 Okla. 123, 131 Pac. 1091.

Was the bank chargeable with fraud in failing to know of the Fisher mortgage, and 'n failing to notify Rusch thereof? Assuming that Schuber, the principal debtor, was guilty of fraud on his surety in failing to notify him of the Fisher mortgage, this fact is not sufficient to charge the bank with fraud. This court, following the rule laid down by nearly all of the American courts, has held that the surety under such circumstances is not relieved of liability unless the creditor also had knowledge of the fraud and failed to reveal the same to the surety.

In Potts v. First State Bank of Talihina, 51 Okla. 162, 151 Pac. 859, the court said:

"Fraud on part of the principal maker of a promissory note, whereby his surety is induced to sign it, knowing it to be a note, will not relieve the surety of liability to the payee if the payee did not know or have notice of the fraud at the time he accepted the note for a valuable consideration."

The question is here determined by statute which seems merely declaratory of the common law. The suppression of that which is true constitutes fraud when the suppression

is by one having knowledge or belief of the fact. Rev. Laws 1910, § 903, and subsection 3, is as follows:

"903. Actual Fraud Defined.—Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance with intent to deceive another party thereto, or to induce him to enter into the contract. * * *

"Third. The suppression of that which is true, by one having knowledge or belief of the fact."

One who deceives another by the suppression of a fact he is bound to disclose is liable where the deceit is willful. Rev. Laws 1910, §§ 993, 994.

Clearly the use of the word "willful" in this connection implies not only knowledge of the thing but a determination with an evil intent to do it or omit doing it. Felton et al. v. United States, 96 U. S. 702, 24 L. Ed. 875.

It is clear, therefore, that the statutes of the state preclude an imputation of fraud for the failure to state a fact, unless it appears that the person charged had knowledge of the fact which is claimed he should have revealed. In this particular fraud in failing to reveal facts rests on a different basis from the fraud arising from false representations. In the latter case fraud may arise in making representations without reasonable grounds for believing them to be true, but one cannot be charged with fraud in the suppression of a fact unless he had knowledge of the fact, and it has been frequently held that fraud cannot be predicated on the failure to reveal an unknown fact to a proposed surety, even though the failure to have the requisite knowledge discloses neglect. Tapley v. Martin, 116 Mass. 275; Bowne v. Bank, 45 N. J. Law, 360; Wayne v. Bank, 52 Penn. St. 343; Bennett v. Association, 57 Tex. 72; Bostwick v. Van Voorhis, 91 N. Y. 353; Connecticut Mutual Life Ins. Co. v. Scott, 81 Ky. 540.

The uncontradicted evidence shows the entire absence of misrepresentation, entire absence of collusion between the bank and Schuber, the principal debtor, and that the bank had no knowledge of the first mortgage, nor does the evidence show that the bank was negligent in not knowing of the Fisher mortgage. It seems to have acted with fidelity and due diligence.

There being no evidence tending to show fraud in reference to the Fisher mortgage, it was error for the court to give the instructions above set out.

Said case is reversed, and cause remanded.

By the Court: It is so ordered.