## THOMPSON v. HASHBARGER et al.

No. 10890—Opinion Filed Nov. 21, 1922.

(Syllabus.)

1. **Appeal and Error—Review—Questions of Fact—Verdict.**

The verdict of the jury on a disputed question of fact, and the judgment of the court thereon, will not be disturbed on appeal, where there is competent evidence reasonably tending to support the same.

2. **Appeal and Error—Review—Change of Theory on Appeal.**

A theory of defense neither suggested by the pleadings nor relied upon at the trial, but which is presented for the first time on appeal, will not be considered.

3. **Pleading—Amendment—Discretion of Court.**

The permitting of an amendment to a pleading at any stage of the trial to conform to the proof rests within the sound discretion of the trial court, and, in the absence of a showing of an abuse of such discretion, the action of the court will not be disturbed.

4. **Appeal and Error—Harmless Error—Instructions.**

This court will not reverse a cause because of the giving of an erroneous instruc-

tion where it is manifest from the verdict that such instruction neither misled the jury nor prejudiced the rights of the complaining party.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action in replevin by J H. Hashbarger against J. W. Thompson, in which L. C. Thompson intervened. Judgment for plaintiff, and intervener appeals. Affirmed.

Robert W. Thomas and F. A. Thomas, for plaintiff in error.

W. A. Chase and A. B. Campbell, for defendants in error.

NICHOLSON, J. This was an action in replevin brought by the defendant in error. J. H. Hashbarger, as plaintiff below, against the defendant in error J. W. Thompson, defendant below, to recover the possession of an automobile.

The defendant J. W. Thompson filed his answer and cross-petition in which he denied the allegations of the plaintiff's petition and pleaded, in substance, that he was the owner of the automobile by reason of a contract entered into between the plaintiff and himself whereby plaintiff transferred said car to him in exchange for certain lands in the state of Colorado, owned by the defendant's wife, L. C. Thompson. The plaintiff in error, L. C. Thompson, intervened in said cause and alleged that she was the owner of said automobile and entitled to the possession thereof; that her ownership of said automobile arose in the following manner, to wit: that she was the owner and holder of a homestead filing on a certain tract of land located in Garfield county, Colo., together with all improvements thereon; that prior to the 20th day of July, 1917, she, through her agent, J. W. Thompson, entered into negotiations with the plaintiff whereby said plaintiff proposed to trade to the intervener the automobile in question, and to execute and deliver to her his note, for the sum of $600, in exchange for a relinquishment of her rights to said land and the improvements located thereon; that the terms and conditions of said trade were that the plaintiff would examine the land and improvements, and if the same were found to be as represented by her, the trade would be consummated; that on or about the 20th day of July, 1917, the plaintiff stated to J. W. Thompson, her agent, that he had seen said land and was ready to close the deal; that the trade was closed, and plaintiff delivered to her said automobile, together with his note for the sum of $600, and she delivered to said plaintiff a relinquishment

to said land and the improvements thereon. She further alleged that she had been damaged in the sum of $500 by the wrongful taking and detention of said automobile, and prayed judgment for the return of said automobile and the sum of $500 damages.

To the petition of the intervener the plaintiff filed a reply, consisting of a general denial, and a like reply was filed to the answer of J. W. Thompson. Upon a trial, a verdict was returned in favor of the plaintiff, upon which judgment was entered, and from which the intervener has appealed, and contends, first, that the verdict and judgment are not supported by the evidence.

The question at issue was whether or not the trade had been consummated, and on this question the evidence is conflicting. The evidence of the plaintiff was to the effect that he had delivered to the defendant, J. W. Thompson, the automobile with the understanding and agreement that the trade would not be made and such automobile would not become the property of either of the Thompsons unless there was sufficient water upon the land for irrigation purposes; that as a part of the transaction, J. W. Thompson executed and delivered to the plaintiff a bill of sale for said automobile; that when the plaintiff discovered that there was no water upon the land, he refused to consummate the trade, and that thereupon the defendant, J. W. Thompson, delivered the automobile back to him, but afterwards took the same from the garage where it was kept. On the other hand, the evidence on behalf of the intervener was to the effect that the trade had been consummated; that she had done everything incumbent upon her, and that the car had not been delivered back to the plaintiff. This question was submitted to the jury by instruction to which no objection was made, and as there is competent evidence reasonably tending to support the verdict, the same will not be disturbed by this court. Oklahoma State Bank of Caddo v. Airington, 68 Oklahoma, 172 Pac. 462; Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737; Jackson v. Dardin, 82 Okla. 256, 200 Pac. 223.

It is next urged that the verdict and judgment are contrary to law for the reason that the plaintiff did not restore, or offer to restore, anything of value which he had received from the defendant and intervener in said trade.

If this were an action by which the plaintiff sought to rescind the contract, it would have been incumbent upon him to restore, or offer to restore, to the Thompsons everything of value received from them, but this is not such an action. The case was brought on the theory that the transaction had not been complete, and the question of the ownership and right to the possession of the automobile was the only issue raised by the pleadings. The question of rescission was not involved in the trial court, and the defense here urged was not called to the attention of the court in any manner, and as this theory of defense was not raised by the pleadings or relied upon at the trial of the case below, but is presented here for the first time, it cannot be properly considered. Buel, Prior & Daniel v. St. Louis & S. F. Ry. Co., 65 Okla. 108, 163 Pac. 536; Westlake v. Cooper, 69 Oklahoma, 171 Pac. 859. Furthermore, we fail to see that anything of value to the Thompsons was delivered to the plaintiff. All that it is claimed that he received was a relinquishment to the land and a quitclaim deed executed in blank. Neither of these instruments conveyed any title to the plaintiff, and, in fact, the deed was received by him through the mails after this action was brought. The Thompsons parted with nothing, and are in no worse position than they were prior to the transaction.

The next complaint made is of the action of the trial court in refusing to permit the intervener to amend her petition to conform to the facts proven, and in instructing the jury that it should in no event find for the intervener in any sum greater than $500, the amount of damages prayed for in her petition.

It is well settled in this jurisdiction that the permitting of amendments at or after the trial to conform to the proof rests within the sound discretion of the trial court, and where no abuse of such discretion is shown, the action of the trial court in permitting or refusing such amendment will not be disturbed. Jones v. S. H. Kress & Co., 54 Okla. 194, 154 Pac. 653; Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141; Amazon Fire Ins. Co. v. Bond, 65 Okla. 224, 165 Pac. 414. No abuse of discretion being shown, the action of the trial court will not be disturbed.

In view of the court's action in refusing to permit the amendment requested, it was not error to give the instruction complained of. Even if it could be said that the instruction complained of was erroneous, the error would not have been prejudicial to the intervener, as it is apparent that the jury was in no manner influenced by this action of the court. The verdict was for the plaintiff, thereby denying the intervener's claim for damages in any amount, so that

the question of the measure of her damages became immaterial. This court will not reverse a cause because of the giving of an erroneous instruction where it is manifest from the verdict that the jury was not misled by such instruction. Rourke v. Culbertson, 78 Okla. 185, 189 Pac. 533: Fidelity-Phenix Fire Ins. Co. v. School District No. 10, Johnston County, 80 Okla. 290, 196 Pac. 700.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

KANE, JOHNSON, McNEILL, and KENNAMER, JJ., concur.