## JOSEY OIL CO. v. BOARD OF COMMISSIONERS.

No. 15211—Opinion Filed June 17, 1924.

Rehearing Denied July 1, 1924.

Second Rehearing Denied Dec. 16, 1924.

(Syllabus.)

1. **Appeal and Error—Change of Theory of Case.**

A theory of defense neither suggested by pleadings nor relied upon at the trial, but which is presented for the first time on appeal, will ordinarily not be considered.

2. **Taxation—Gross Production Tax on Oil.**

The gross production tax on oil as fixed by section 9814, Comp. Stat. 1921, levies a tax upon the gross amount of oil produced, and such tax is in full and in lieu of a direct tax upon the "machinery, appliances and equipment used in and around" the well producing such oil.

3. **Same—Exemption of "Equipment" from Ad Valorem Tax.**

The question whether certain houses built by the operator of an oil lease for housing his employes are a necessary part of the equipment of a producing oil lease is one of fact to be determined by the court under the circumstances of each particular case.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by the Josey Oil Company against the Board of Commissioners of Payne Coun-

ty. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Thurman S. Hurst, for plaintiff in error.

J. W. Reece. Co. Atty., Payne County, for defendant in error.

GORDON, J. This appeal arises out of the action of the board of county commissioners of Payne county, Okla., in rejecting the petition of Josey Oil Company, which was a petition on account of an erroneous assessment, and in the petition it was claimed that taxes for the year 1920 had been erroneously assessed against certain materials, machinery, and equipment belonging to said company. The company set out in its petition that the materials, equipment, etc., erroneously assessed for taxation were used in the production of oil on its oil leases and that the gross production tax had been paid upon the oil from said leases. The claim was asserted under the gross production tax law that the property so mentioned was exempt from ad valorem taxation. Upon the rejection of this petition by the board of county commissioners, petitioner gave notice of appeal to the district court for Payne county. Transcript of the proceeding was filed in the district court of that county, and the case was tried upon said appeal. After hearing the evidence the trial court sustained the claim of the Josey Oil Company, and held that the tax was erroneously assessed as to all the property except certain houses upon the leases, constructed for the use of the employes of the company. The court held that such houses were not a part of the necessary equipment of the oil well, and that as to such houses the ad valorem tax was valid. From this judgment of the trial court both parties gave notice of appeal. Thereafter Payne county through its county attorney filed a motion in the cause to set aside the judgment of the court upon the ground that the tax assessed against such property had not been paid, and the court allowed evidence to be introduced upon said motion showing such failure to pay the taxes, and upon proof that the tax had not been paid, the court set aside its former judgment and dismissed the appeal of the oil company. Motion for new trial was filed as to the original judgment and as to the judgment dismissing the appeal by the Josey Oil Company. Due exceptions were taken to the judgments and to the overruling of the motions for new trial, and the cause is now here for review on appeal.

Upon the trial no technical objections were raised as to the appeal, and the sole question before the trial court was whether the property involved was subject to the ad valorem tax. No motion has been made to dismiss the appeal here, and no cross-appeal has been prosecuted by defendant in error. The tax in question was assessed by the assessor of Payne county for the year 1920. The property was listed against an individual, R. A. Josey. This listing was done in the month of May, 1920. It is claimed that R. A. Josey knew nothing of such assessment until the month of May, 1921. A showing was then made that the property in question belonged to the Josey Oil Company. It was then listed by the assessor against Josey Oil Company. This was after the board of equalization had met and adjourned. On September 6th, the Josey Oil Company filed its petition for correction of the assessment on the ground that the assessment was illegal and that the property was exempt. No reason appears to be given by the board of county commissioners for the rejection of this petition. The questions raised by this appeal are: First, whether the trial court erred in holding taxable the employes' houses on plaintiff's oil lease; and, second, whether the trial court erred in sustaining defendant's motion to set aside the judgment rendered on October 5, 1923.

Under the act of 1915, chap. 107, Session Laws of Oklahoma, 1915, subdivision A (which amended section 7464, Rev. Laws 1910), a gross production tax upon oil produced is provided, and this gross production tax is in lieu of any other taxes that might be levied and collected upon an ad valorem basis upon the equipment and machinery in and around any wells producing natural gas or petroleum or other mineral oil and used in actual operation of such producing well from which a gross production tax is collected. It is clear that all of the property attempted to be taxed as set out here, except the houses, consisted of equipment and machinery used, or to be used, in the production of oil upon the leases of the Josey Oil Company. As stated above, the sole question originating in the trial court was whether this property was subject to ad valorem taxation, and subsequently, upon motion, whether the payment of the tax during the pendency of the appeal was necessary to preserve the right of the complaining party. The parties, having fixed the issues, will not be allowed to change their theories now to interpose defenses to the methods of procedure which were not urged in the trial court. Thompson v. Hashbarger, 87 Okla., 267, 210 Pac. 922, and cases cited.

It is claimed by defendant in error that the judgment of the trial court should be affirmed because there was delay in filing the transcript of the proceedings before the

county commissioners with the clerk of the district court; that the transcript fails to show that a supersedeas bond was filed; that the time for making and serving case-made as to the original judgment expired before such service, and therefore this appeal should be dismissed as to the original judgment. It appears that a supersedeas bond was filed with the county commissioners, but that this supersedeas bond was lost. A substituted bond was filed in the district court without the formal permission of the trial court, but no objection to the filing of such substituted bond was raised at the trial, and no objection was made as to the time of filing transcript. The record shows extensions of time to make and serve case-made so as to bring the case properly here. None of these questions have been raised except by the brief of defendant in error, and under the rule laid down in the cases above cited, they cannot now be considered by this court.

We therefore pass to the merits. The statute exempting this property from taxation is plain and unambiguous, and has been so frequently passed on by this court that further discussion of its terms is, we think, unnecessary. Suffice it to say that the tax upon the oil produced is in lieu of the ad valorem tax upon the equipment, materials, etc., used in its production, and unless plaintiff has in some manner waived the right of this exemption it should be sustained here.

It is claimed by defendant in error that plaintiff has lost its right to the benefit of this exemption from ad valorem taxation by reason of the fact that it has not paid the tax upon the property in question to the county treasurer in pursuance of section 9970, Comp. Stat. 1921. If this section applies and governs this proceeding, the plaintiff, by a failure to pay the tax, forfeited his right of appeal, and the fact that when the matter was on hearing before the trial court, plaintiff offered to pay this tax, is not sufficient to relieve it, because an offer to pay came too late, and because an offer to pay is not a payment complying with the statute. We find two methods given in the statute for the correction of erroneous assessments and relief from illegal assessment. One is by petition to the county commissioners, the other by petition to the county board of equalization. The first method is laid down in sections 9673, 9674, Comp. Stat. 1921. By these sections, provision is made for the correction of erroneous assessments and for striking off the rolls property exempt from taxation prior to the time of payment of the tax. It appears that it was intended by these sec-

tions to give relief at any regular meeting of the board of county commissioners. In case of denial of the relief at such meeting of the board, an appeal is provided by section 5834, Comp. Stat. 1921, and such appeal requires only the filing of a sufficient bond conditioned as therein required. The manner of taking the appeal and the judgment of the court to be rendered thereon are provided in sections 5835-5838. Nowhere in these sections is the payment of the tax made a condition of the appeal. This law granting the right of appeal from the action of the board of county commissioners is found in chapter 117, page 169, Session Laws 1915, and was approved March 11, 1915. This method of correcting erroneous assessments before the board of county commissioners appears to be complete in itself, and we find that section 5834, Comp. Stat. 1921, was amended by the Legislature at the 1923 session, chap. 43, page 55, Session Laws 1923. The amendment in no way changes the method of appeal in so far as this case is concerned. On March 11, 1915, an act of the Legislature was approved embodying certain general laws touching taxation. Session Laws 1915, chap. 107. Under subdivision B of that act, on page 147 of the Session Laws, and following pages, provision is made for appeals from county boards of equalization, and various provisions with reference to such appeals are found, including in section 6, page 148, the direction that the full amount of the tax assessed against the property of an aggrieved person shall be paid at the time and in the manner provided by law, and in case an appeal shall be pending and taxes are not so paid, the appeal shall abate and be dismissed upon the showing of this fact. It will be noted that these provisions apply to boards of equalization only, and not to boards of county commissioners. The acts regarding appeals from these two boards were passed at the same session of the Legislature and approved upon the same date. There is no repeal in the one act of any of the provisions in the other act. It appears to have been contemplated by the Legislature that resort might be had in the event of erroneous taxation, either to the board of county commissioners or to the county board of equalization.

In the case we are now considering, resort was had to the board of county commissioners, and we are governed by the rules regulating appeals from that board. There being no provision in the law governing such appeals requiring the payment of the tax as a condition precedent to the continued pendency of the appeal, the trial court erred in sustaining the motion of the county attorney to dismiss the appeal from the board of

county commissioners by reason of the fact that such taxes had not been paid. It therefore follows that the judgment of the trial court rendered on the 1st day of December, 1923, vacating the former judgment of October 5, 1923, was erroneous and must be set aside.

We have the remaining question upon the judgment of October 5, 1923, whether the trial court erred in holding that the houses located upon plaintiff's oil leases did not come within the exemption claimed. This exemption, as provided in section 9814, Comp. Stat. 1921, among other things, recited "the machinery, appliances, and equipment used in and around any well producing petroleum or other crude or mineral oil or natural gas, or any mine producing asphalt, or any of the mineral ores aforesaid and actually used in the operation of such mine."

The trial court found that all of the property in question here, except the houses, came within the language above quoted, but that the houses were not included within such language. This was a question of fact to be determined by the trial court. We can conceive that in some cases houses upon the leased premises might be included in the word "equipment," but in other cases houses upon such premises might be wholly outside of the intention of the legislators in the use of this language. If under certain conditions the construction of certain kinds of buildings or structures became indispensable for the proper operation of the wells upon the leases, such structures should be exempt under the language of the law. As we have said above, the question of the necessity of these buildings in such operation was a question of fact for the trial court.

From the foregoing, it follows that plaintiff's motion for new trial is sustained, the judgment of the trial court rendered on the first day of December, 1923, hereinbefore described, is vacated and set aside, and this cause is remanded for further proceedings not inconsistent herewith.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.