## STANER v. McGRATH.

No. 23497.   Oct. 8, 1935.

Rehearing Denied Nov. 5, 1935.

Thos. W. Leahy and Forrester Brewster, for plaintiff in error.

Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for defendant in error.

BUSBY, J.   The first question presented by this appeal relates to the jurisdiction of this court to review the case on its merits.

The appeal is by petition in error with case-made attached. The defendant in error asserts that the case-made was not signed, settled, certified, attested, or filed within the time provided by law or within the time fixed by any valid order extending such time.

The judgment complained of was rendered on July 17, 1931, and thereafter on October 7, 1931, motion for new trial was overruled, at which time the plaintiff in error (defendant in the court below) was given 60 days from that date in which to make and serve a case-made. Subsequently this time was extended by a series of orders, the last of which was entered on February 6, 1932, during the time allowed by a previous extension order. It purported to extend the time to make and serve a case-made seven days beyond the time allowed by law to perfect an appeal and lodge the same in this court.

Thereafter, on the 12th day of March, 1932, and on the 25th day of March, 1932, orders were made which in effect shortened or attempted to shorten the time within which to serve the case-made, suggest amendments thereto, and settle the same, so that the appeal could be perfected within the six months' limitation of time provided by statute. The last orders mentioned were made after the expiration of the time allowed by the order immediately preceding the order of February 6, 1932. The case-made was served, signed, and settled and the appeal was lodged in this court within the six months' limitation period.

The defendant in error urges that the orders of February 6th, March 12th, and March 25th were all nullities; the order of February 6th, because it attempted to extend the time for serving, amending, and settling the case-made beyond the six months' limitation period; the orders of March 12th and 25th, because not made within the period of time allowed by any previous valid extension order. The contention is supported by the rules as stated in Saxon v. Green, 131 Okla. 15, 267 P. 465, Universal Automobile Ins. Co. v. Bryant, 137 Okla. 304, 280 P. 266, and Baxter v. Wilbanks, 156 Okla. 51, 9 P. (2d) 426.

We believe the better view to be that an order which attempts to extend the time for serving, amending, signing, or settling a case-made beyond the six months' limitation period for perfecting an appeal is void only in so far as it purports to authorize taking one or more of the necessary steps to perfect such appeal after the expiration of such limitation period, and that such order is irregular only in so far as it fails to require all or some of the necessary steps above mentioned to be taken within the time authorized by law, and that such an order is subject to correction by a subsequent order shortening the time made prior to the expiration of the statutory limitation period. The cases above mentioned and other cases in conflict herewith are overruled in so far as they are in conflict with the views herein expressed. See Files v. Baldwin, 9 Kan. App. 425, 58 P. 1039; Citizens' State Bank of Okeene v. Cressler et al., 69 Okla. 68, 170 P. 230.

We decline to dismiss this appeal.

This brings us to a consideration of the case at bar upon the merits of the controversy. The defendant in error, J. P. McGrath, as plaintiff, commenced this action in the trial court against George E. Staner, plaintiff in error, as defendant, seeking to recover the sum of $1,000 for alleged breach of contract. Hereafter the parties will be referred to as they appeared in the trial court.

Subsequent to the commencement of this action and while the same was pending, the Banks-Adkins Motor Company, a corporation, was on motion of the defendant, George E. Staner, made a party to this action, and thereafter the defendant Staner, in addition to his answer to the petition of plaintiff, filed a cross-petition against that corporation. Subsequently and while the action was still pending and before judgment, the Banks-Adkins Motor Company was adjudged to be a bankrupt.

On the 17th day of July, 1931, the cause was by consent of the parties tried to the court without the intervention of a jury on the issues framed between the plaintiff, J. P. McGrath, and the defendant, Geo. E. Staner, resulting in a judgment in favor of the plaintiff for the sum of $800, with interest thereon.

An examination of the record herein discloses that the plaintiff's cause of action is based upon a written contract entered into between the plaintiff and defendant herein on the 21st day of January, 1929, whereby the plaintiff, as the owner of certain bulletin or signboards for advertising purposes, leased such signboards to the defendant, Geo. E. Staner, who was then engaged in the automobile business, for a period of one year at a stipulated rental of $1,200 to be paid in monthly installments of $100 each. By the terms of the agreement the lessor was to place upon the signboards certain display advertising, and such signboards were

during the period of the lease to receive free painting.

It appears that the display advertising was placed on the designated signboards at or about the time of the commencement of the lease rental period; further, that there was paid on the contract as rental the sum of $200.

It further appears that during the life of the lease contract the defendant Staner sold his automobile agency and business to the Banks-Adkins Motor Company, which, by the terms of the contract between Staner and the Banks-Adkins Motor Company, assumed and agreed to pay all amounts owing subsequent to August 1, 1929. Also that no amount was paid on the contract involved in this action other than the $200 above mentioned by either the defendant Staner or the Banks-Adkins Motor Company.

The plaintiff in the action took the position that by reason of the breach in the terms of the contract by failure to pay in accordance therewith, it was excused from its obligation to keep the advertising matter on the signboards up to the standard required by the contract, and evidence was introduced tending to show that the cost to the plaintiff of keeping such advertising matter up in accordance with the terms of the contract would amount to approximately $200. The trial court evidently so found in fixing the amount of recovery at $800, thereby allowing a deduction for the expenses that the plaintiff would have incurred had there been no breach of the contract by the defendant.

The defendant presents but one specification of error, namely, that the judgment of the trial court is not sustained by the evidence.

In presenting his argument under this specification of error, the defendant urges that the assignment of the contract by the defendant to the Banks-Adkins Motor Company, whereby that company assumed and agreed to pay the indebtedness of the defendant in connection with the automobile business, operated to release the defendant from any liability to the plaintiff under the contract herein involved, and it is urged in this connection that the plaintiff consented to such assignment and that such consent operated to relieve the defendant.

It is elementary law that the general judgment of a trial court is deemed to include a special finding of fact on any and all issues of fact necessary to sustain the judgment; that in a law case tried to the court without the intervention of a jury, the findings of the court are entitled to the same weight and consideration that would be accorded to the verdict of a jury, and that if there is any evidence tending to support the findings, this court will not disturb the same on appeal. See Gardenhire v. Gardenhire, 2 Okla. 484, 37 P. 813; Brewer & Stannard v. Black, 5 Okla. 57, 47 P. 1089; Ellison et al. v. Beannabia, 4 Okla. 347, 46 P. 477; Johnson v. Richards, 99 Okla. 254, 226 P. 559; Beard v. Herndon, 84 Okla. 142, 203 P. 226; Anicker v. Doyle, 84 Okla. 62, 202 P. 281; Liebman v. Werring, Martin & Boise, 84 Okla. 168, 203 P. 1045; Gaines Bros. & Co. v. Citizens Bank, 84 Okla. 265, 204 P. 112.

The debtor end of a contract cannot be assigned in such a manner as to release the original debtor and compel the creditor to accept a new and different obligor without the consent of the creditor to such arrangement. Furthermore, when a lessee who has obligated himself to pay rent, assigns the lease, he is not relieved of his obligation, even though the landlord consents to such assignment and subsequently collects rents from the assignee. See McFarland v. Mayo et al., 65 Okla. 28, 162 P. 753; 36 C. J. p. 375; 16 R. C. L. 843, par. 343; 16 R. C. L. p. 846.

In order that the original lessee or assignor be released in such case, it is essential that the creditor or lessor agree to accept the assignee in lieu of him and release him from further obligations under the contract.

We have examined the evidence in this case in the light of the foregoing rules of law, and find that the judgment of the trial court holding, in effect, that the plaintiff herein did not agree to release the defendant, who was the original lessor, is supported by the evidence.

In presenting its specification of error the defendant also invokes the doctrine of avoiding consequences and urges that the plaintiff could have and should have let the advertising space to other parties, and that the amount of recovery should be reduced by the amount for which he could have rented such advertising space to others. The doctrine of avoiding consequences is well recognized in law and is applicable to this character of case. See Barron G. Collier v. Deutser Furniture Co. (Tex. Civ. App.) 256 S. W. 330, and Collier v. Kindy (Minn.) 178 N. W. 584. However, the burden of introducing evidence in mitigation of damages to show that the damages claimed were in part avoidable is upon the party guilty of the breach of the contract. See Sackett et al. v. Rose, 55 Okla. 398, 154 P. 1177. An examina-

tion of the record in this case fails to disclose that the defendant herein assumed or discharged this burden in the trial of this case. In fact, an examination of the pleading and evidence herein discloses that the case was not tried upon this theory in the court below, and, under the rule long established in this jurisdiction that a case will not be reviewed in this court upon a theory not presented to the trial court, we will not further analyze the contention in this opinion. See Duffey v. Scientific Amer. Comp. Dept., 30 Okla. 742, 120 P. 1088; Black, Sivalls & Bryson v. Farrell, 131 Okla. 249, 268 P. 276; Josey Oil Co. v. Board of County Com'rs, 107 Okla. 266, 231 P. 272; Collings v. Industrial Sav. Society, 94 Okla. 271, 221 P. 1036; Thompson v. Hashbarger, 87 Okla. 267, 210 P. 922.

Considered as a whole, the evidence in this case amply supports the judgment, and the cause is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and CORN, JJ., concur.