McKENNA et al. v. NICHLOS et al.

No. 30574. Feb. 8, 1944.

*145 P. 2d 957.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiffs in error.

Hatcher & Bond, of Chickasha, for defendants in error.

HURST, J. Plaintiffs, the owners of the royalty interest in a producing oil and gas lease, sued to cancel the undeveloped portion thereof, alleging that defendants, the owners and operators of the lease, had abandoned the same and breached the implied covenant for further development. Defendants denied that they had abandoned the lease or breached any of its implied covenants and asserted that they had at all times acted as ordinarily prudent operators.

The lease in question was executed on February 28, 1917, and was for a term of five years and as long thereafter "as oil or gas, or either of them, is produced from said land by the lessee." It covered two tracts of 40 acres each, the northeast corner of one touching the southwest corner of the other. In 1922 and 1927, two wells, both of which are still producing oil, were drilled on the west half of the southwest 40-acre tract. These wells produce from the Fortuna sand, found at about 2,400 feet, and each had an initial daily production of about 60 barrels. No other wells have ever been drilled upon the lease. On February 7, 1940, plaintiffs notified the Little Nick Oil Company, a corporation, in care of defendant John B. Nichlos, its president, that unless a well was commenced on the northeast 40-acre tract within 30 days suit would be filed to cancel that part of the lease. Although the record is silent thereon, we presume that the lease was in the name of the corporation at that time. On December 14, 1939, defendant wrote plaintiffs' attorneys that it was his intention to develop the lease fully when

conditions indicated that it could be done profitably and that that time might "not be very far off." On February 7, 1940, plaintiffs renewed their demand that a well be commenced on the northeast 40-acre tract and also demanded that a well be commenced on the east half of the southwest tract before April 1, 1940. Defendants declined to begin drilling within the time prescribed, and on April 25, 1940, plaintiffs commenced this action.

At the trial there was very little controversy in regard to cancellation of the lease as to the Fortuna sand. Plaintiff introduced evidence that Fortuna sand wells had been drilled upon an adjoining lease which defendants had failed to offset, and that such a well could be drilled upon defendants' lease with a reasonable expectation of profit. Defendant John B. Nichlos testified that in his opinion the Fortuna sand under the lease was exhausted, but that if plaintiffs desired to drill a well thereto, he would assign them the lease for that purpose.

As to the deeper sands underlying the lease the evidence was less definite. The substance of the testimony was that while such sands might produce oil in paying quantities, the field was not proven, and a well drilled to such sands would be exploratory in nature. Defendant John B. Nichlos testified that he intended to drill a well on the lease to the deeper sands "whenever conditions justified it," but that conditions would not justifiy such a well until there was "a better market for gas and oil and more certainty of production from deeper sand." There was no evidence that a prudent operator would undertake the drilling of such a well with a reasonable expectation of profit.

The trial court decreed cancellation of the lease as to the northeast 40-acre tract and the east half of the southwest 40-acre tract as to the Fortuna sand and all sands above that sand, but left the lease in effect as to all deeper sands. From such judgment, plaintiffs appeal.

1. Defendants have moved to dismiss

528

the appeal upon the ground that the case-made was not served and settled within the time fixed by statute, or any valid order extending such time.

It is conceded that the appeal was lodged in this court within the six-months period allowed by statute (12 O. S. 1941 § 972) and that defendants waived the right to suggest amendments to the case-made and consented that the same might be settled by the trial judge immediately and without notice, which was done within six months after the final order was made.

Defendants contend, however, that notwithstanding such facts, we are without jurisdiction of this appeal because the order of August 6, 1941, granting additional time within which to make and serve the case-made, and under which it was served, signed and settled, is void in that it attempted to extend the time therefor 15 days beyond the statutory six-months period. They agree that the order was subject to correction by a subsequent order reducing the time, but assert that in the absence of correction it remained absolutely void. We do not agree. Such an order is void only in so far as it purports to authorize taking one or more of the necessary steps to perfect an appeal after the expiration of the six-months period. Staner v. McGrath, 174 Okla. 454, 51 P. 2d 795; Security B. & L. Ass'n v. Ward, 174 Okla. 238, 50 P. 2d 651.

It is true that in the cases which have come before us, the trial court had discovered its error and entered a subsequent order reducing the time theretofore allowed, and we have sanctioned such practice. Staner v. McGrath, above; Security B. & L. Ass'n v. Ward, above; Citizens State Bank of Okeene v. Cressler, 69 Okla. 68, 170 P. 230. From these cases defendants apparently conclude that an order of correction is necessary in all cases, but the conclusion is unwarranted. We have been referred to no cases, and we know of none holding that an order of correction is necessary where, as here, the appellees have waived the right to suggest amendments

and consented that the case-made might be settled immediately without notice. Of course, it is better practice to obtain an order reducing the time, for otherwise the appellee might claim the full time allowed to suggest amendments, and after the expiration of the six-months period the court would be without power to settle the case-made. First Bank of Mayesville v. Alexander, 47 Okla. 459, 149 P. 152. But where the appellee affirmatively waives such right, and the case-made is settled and the appeal lodged in this court within the six-months period, an order reducing the time could serve no useful purpose and is unnecessary. We therefore decline to dismiss the appeal.

2. The remaining question is whether the trial court erred in refusing to cancel the undeveloped portion of the lease as to the deeper sands.

Defendants urge that they have been under no duty to test such sands because circumstances have not indicated that such a venture would prove profitable. But the duty to drill further wells, after the lapse of an unreasonable length of time, is not tested by the standard of the prudent operator alone. In the recent case of Doss Oil Royalty Co. v. Texas Co., 192 Okla. 359, 137 P. 2d 934, we had occasion to treat this subject extensively, and the principles there laid down govern the instant case. In that case we pointed out that suits for the cancellation of oil and gas leases are governed by principles of equity. and that the question of whether a lessee has breached the implied covenant for further development is committed to the sound discretion of the courts, to be determined from the facts and circumstances of each case. We stated that while, in determining such matter, we would consider the question of the likelihood of profit from further drilling, we would also give weight to other considerations, particularly the length of time which the lessee had held the lease without further development. In other words, after the passage of a reasonable length of time, the duty to drill additional wells becomes progress-

ively greater, and the standard of the prudent operator becomes progressively of less importance in determining whether such duty exists.

It is apparent, therefore, that, in the instant case, the fact that defendants have acted as prudent operators in refusing to test the deeper sands is not conclusive of the question of whether they have breached the implied covenant for further development. It is merely a circumstance to be considered together with the other circumstances of the case. Other pertinent facts are these: At the commencement of this action nearly 13 years had elapsed since any well was drilled on the lease; more than 23 years had passed since the execution of the lease and no well had ever been drilled on the northeast 40-acre tract or the east half of the southwest quarter tract; defendants do not intend to drill presently, but desire to hold the lease "until there is more certainty of production from deeper sand."

Viewing all of such circumstances together, we are of the opinion that defendants have breached the implied covenants of the lease for further development, and that the judgment of the trial court refusing cancellation of the undeveloped portion of the lease as to the deeper sands was clearly against the weight of the evidence.

Furthermore, we have never held that forfeiture may be decreed as to certain sands or formations underlying a lease and not as to other sands thereunder, although we have intimated that such relief might be granted in a proper case. Fox Petroleum Co. v. Booker, 123 Okla. 276, 253 P. 33. See, also, Ferguson v. Gulf Oil Corp., 192 Okla. 355, 137 P. 2d 940; Carter Oil Co. v. Mitchell, 100 Fed. 2d 945; Jones v. Interstate Oil Corp., 115 Cal. App. 302, 1 P. 2d 1051. The remedy is a new application of the remedy of partial cancellation, and has been granted by only a few courts. Merrill, Covenants Implied in Oil and Gas Leases (2d Ed.) 366. And since the resulting operation of divided mineral interests from the same surface will be at-

tended by many practical difficulties, we believe that if such relief is to be granted at all, it should be done sparingly and confined to those cases where complete justice can be effected by no other means.

In cases of this nature the courts may, in their discretion, grant the lessees a reasonable time within which to elect whether to drill other wells or suffer forfeiture (Doss Oil Royalty Co. v. Texas Co., above) and we think defendants should be accorded that privilege here.

The cause is remanded, with instructions to grant defendants 60 days within which to commence drilling a well to the deeper sands. In the event such a well is not commenced within that time, the court shall cancel the lease on the northeast 40-acre tract and the east half of the southwest 40-acre tract as to all sands.

CORN, C. J., and RILEY, OSBORN, and ARNOLD, JJ., concur. DAVISON, J., concurs in conclusion. GIBSON, V. C. J., and BAYLESS and WELCH, JJ., dissent.