## CADWELL et al. v. RYAN, Ex'r.

No. 28762.    May 23, 1939.

C. B. Leedy, for plaintiffs in error.

F. R. Blosser, for defendant in error.

BAYLESS, C. J. The sheriff of Ellis county, Okla., filed a return on an order of sale in case No. 4847, Bernard Ryan, Executor, v. Clyde Cadwell et al., wherein he recited the sale of the property "to Leo G. Beach for the sum of $500, * * * which sum is credited on the judgment of the plaintiff." A motion to confirm the sale was filed, and certain of the defendants filed objections thereto, reading in part:

"That the said lands were attempted to be sold, and were offered for sale contrary to law: in that the lands should have been offered for sale in parcels, and if no bids were received, then should be offered for sale as a whole."

On hearing the sale was confirmed, and the objecting defendants appeal.

In their brief they say that all of their six assignments of error may be argued under one proposition, to wit:

"* * * Where the sheriff's return of sale under special execution does not comply with the order of the court, or with the execution, he has no discretion or power to sell to a stranger for credit, the lands involved, and no power to make a judicial finding, that a stranger to the record is a beneficiary under a will which is not in issue ; and credit a judgment in favor of the executor, without paying the costs, which was the first order of payment under the judgment and order of the trial court; and in defeating the court out of the commission collectible by the sheriff. And also beating the county out of the commission due the court clerk: such is irregular and in violation of law, and same should have been quashed under an objection of the sale and proceedings had thereunder. * * *"

We will not hear the defendants on this proposition, for to do so would permit them to present to us a matter not cognizable by their written objections. There is nothing in the quoted objection that remotely calls to a trial court's attention the matters stated in the proposition that we have quoted. The appeal is by bill of exceptions and transcript, and these contain none of the evidence, other than the pleadings involved in the sale, and do not contain any of the argument and discussion before the trial court (even if it were proper matter), so that there is nothing before us that would enable us to say that the defendant made such a contention in the trial court, or that the trial court did consider the same.

The plaintiff insists that no such contention was made, and that the theory upon which the objection is now presented amounts to a change of theory. The plaintiff insists that this is not permissible, and the plaintiff is right.

Generally the appealing party must present to us the same theory upon which he tried the matter, Stanor v. McGrath, 174 Okla. 454, 51 P.2d 795, and many other cases digested in 2 Okla. Dig. (West) App. & Error, Key No. 171.

The order confirming the sale is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.