## PRODUCERS INVESTMENT CO. et al. v. COLVERT et al.

No. 29159.   April 2, 1940.

*100 P. 2d 1005.*

Williams & Williams, of Ardmore, for plaintiffs in error.

Stephen A. George and John Clark Caldwell, both of Ardmore, for defendants in error.

DAVISON, J.   This cause is presented on appeal from the district court of Carter county by Producers Investment Company, plaintiff in error. It involves a controversy between creditors, growing out of the liquidation of the American Bank & Trust Company of Ardmore, a state bank, that was taken over by the State Bank Commissioner in May of 1933.

Most of the depositors and other creditors filed claims at an early date in the history of the bank's liquidation. The defendant in error, W. L. Colvert, who was the owner of a cashier's check for $470 issued by the bank while it was a going institution, did not exercise equal diligence. He did not file a formal claim until 1938, although, during the previous calendar year, he had informally talked to the Bank Commissioner and received from him oral assurance that his demand would be satisfied.

The formal claim of Colvert was denied, and on September 8, 1938, he filed an application in the district court of Carter county to compel allowance of the claim. To this claim the Producer's Investment Company, as the owner, by assignment of 88 per cent. (exceeding $484,000) of the total amount of previously allowed claims, filed a response objecting to the allowance of plaintiff's claim on the theory that he had presented the same too late.

It appears from the record that prior to the institution of this proceeding, the principal amount of all claims against the insolvent bank which had been filed and allowed had been fully paid, and that there remained under control of the Bank Commissioner a sum slightly in excess of $32,000, $11,000 of which constituted unclaimed deposits.

It also appears that in a prior proceeding constituting a controversy between the state of Oklahoma and certain stockholders and certain named creditors (not including the defendant in error Colvert) it was decided that no part of the foregoing $32,000 should escheat to the

state of Oklahoma, but that the same should be distributed as interest to the persons whose claims had previously been filed and approved, which latter designation would exclude the applicant, Colvert.

The plaintiff in error Producers Investment Company contests this claim for the purpose of preserving intact the fund, to which it believes itself entitled for the payment of interest on its assigned claims.

This cause was tried to the court on the 7th day of October, 1938, resulting in a judgment and decision in favor of Colvert for the principal sum of $470, of which the Producers Investment Company complains to this court.

Article 6 of chapter 40 of O. S. 1931 was in force until its repeal by section 108, ch. 40, page 312, S. L. 1937, which became effective on April 28, 1937. The parties to this appeal proceed upon the assumption that their substantive rights are governed by the provisions of that article, although plaintiff in error raises a question of remedial law, based upon chapter 40, S. L. 1937, supra, which we shall subsequently mention.

Colvert presented his claim in the trial court on the theory that, even though he had not been diligent in the presentation thereof, he was entitled to recover because assets of the failed bank, as we have noted, still remained in the hands of the Bank Commissioner. The basis of this asserted right of recovery is section 9175, O. S. 1931 (a part of article 6, ch. 40, supra), which reads:

"Immediately on taking charge of any failed bank the Commissioner shall cause notice to be given by advertisement in such newspaper as he may direct weekly for eight consecutive weeks, calling on all persons who may have claims against such bank to present the same to him and make legal proof thereof at a place and at a time to be fixed by the Commissioner. The Commissioner shall mail a similar notice to all persons whose names appear as creditors. If the Commissioner doubts the justice and the validity of any claim, he may reject the same, serve notice of such rejection upon the claimant, either by mail or personally, and affidavit of the service of such notice, which shall be prima facie evidence thereof, shall be filed with the Commissioner. *Claims presented after the expiration of the notice fixed for creditors shall be entitled to share in the distribution only to the extent of the assets in the hands of the Commissioner equitably applicable thereto.*" (Emphasis ours.)

Colvert urges that:

"By virtue of the last sentence of this section of our statute, tardy claimants are permitted to participate in the assets remaining to prevent injustice being done them."

While no case is called to our attention involving the application of the foregoing statutory enactment to a situation such as is involved in the case at bar, the language of the governing statute is sufficiently clear and explicit to eliminate any necessity of discussing an involved question of interpretation. The statute expressly contemplates that one who is not diligent in the presentation of his claim pursuant to the notice required to be given shall, nevertheless, be entitled to share equitably in such assets of the bank as remain in the hands of the Bank Commissioner when the claim is presented.

The statute is so worded that the right thereby accorded or protected does not hamper or impede an orderly and expeditious liquidation of the bank. It does not require delay in winding up the affairs in order to protect against the contingency of claims not diligently presented, but on the contrary protects those in charge of liquidating, by limiting recovery on such claims to an equitable share of the assets still available.

It is not herein asserted that the amount of recovery allowed by the trial court, namely, the principal amount of the claim, without interest, was inequitable. Thus the decision of the trial court must be affirmed unless there exists some legal impediment to its approval.

Plaintiff in error urges a reversal on the theory that the claim of Colvert was barred within two years upon consideration of section 9178, O. S. 1931 (6 O. S. A. 156). The statute relied upon contains a provision barring participation in the assets of a failed bank by the owner of a deposit which has been unclaimed for a period of two years.

The word employed by the Legislature has a definite meaning which does not comprehend a claim of the character here involved. In 7 Am. Jur. p. 286, its meaning is stated in the following language:

"The term 'deposit,' when used in connection with a banking transaction, denotes a contractual relationship insuing from the delivery, by one known as the 'depositor,' of moneys, funds, or things into the possession of the bank, which receives the same upon the agreement to pay, repay, or return, upon the order of demand of the depositor, the moneys, funds, or equivalent amount, or things, received; this agreement on the part of the bank is usually a tacit one and implied, and it may include an implied promise to pay interest upon the deposit, depending upon the nature of the deposit and the account into which it is placed."

Thus the statute as worded does not comprehend a claim of the character here involved. But plaintiff in error suggests that by a process of judicial interpretation, we might force the meaning of the language used beyond its natural import and thus judicially expand the legislative act. This, it is asserted, we would be justified in doing in order to facilitate the liquidation of failed banks. It is argued that, if the limitation is not so broadened in its scope, failed banks must remain indefinitely in the process of liquidation.

Assuming that the argument, if sound, would justify the judicial pronouncement sought to be obtained, it cannot be approved because it rests upon a false premise. We have already observed that under the provisions of section 9175, supra, liquidation may proceed in an orderly manner and the holders of unfiled claims are, after distribution of the assets, barred. The provisions of section 9178, supra, are therefore not inconsistent with Colvert's recovery.

The question of whether Colvert's claim is barred by any general statute of limitations is not presented by the plaintiff in error, and therefore not passed upon herein.

It is next urged by the plaintiff in error that:

"The order of the district court of Carter county directing the Bank Commissioner to pay all the funds in his hands to the depositors and creditors of a failed bank whose claims had been filed with and allowed by the Bank Commissioner is a valid order and bars creditors of such bank who have not filed their claims with and had their claims approved by the Bank Commissioner from participating in the funds of such bank."

As we have previously noted, Colvert was not a party to the legal controversy in which the order alluded to by the plaintiff in error was made. It is true, as plaintiff in error points out, that in connection with that proceeding, request was made for authority to disburse the funds to the holders of claims which had been formally filed and approved and that such authority was granted in the order; however, disbursement under the order had not been made and a portion of the fund still remained in the hands of the commissioner when the claim herein was filed and the proceedings to enforce its payment were successfully prosecuted to judgment in the court below.

Since Colvert's claim was not barred by any statute of limitations herein presented and is otherwise meritorious, he, even though dilatory in presenting his claim, was entitled to share equitably in the funds remaining in the hands of the commissioner, unless, as plaintiff in error contends, he is deprived of this right through operation of a judgment rendered in a proceeding where he was not a party and of which he had no specific notice either formal or otherwise of a

character calculated to advise him of the prosecution of the proceedings which are now said to have adversely affected his rights.

The plaintiff in error says in substance that, since the court was in a sense administering a fund derived from the liquidation of a failed bank, the proceeding is one in rem, and therefore the requirements of notice are not so stringent as though the action were one in personam, and that actual notice is unnecessary and it was unnecessary that Colvert, the holder, of an unfiled claim, or his class, be named as a party. Even so, some form of notice reasonably appropriate to the accomplishment of the purpose is necessary, as is recognized by the following excerpt from Freeman on Judgments (4th Ed.) par. 606, which says:

"We therefore suggest that a judgment is in rem whenever the process and proceedings are such as to warn all persons that the court may render judgment affecting certain property and their interests therein, and that they must, at or within a time specified, appear before the court if they wish to protect those interests from judicial condemnation. The fact that, under the mode of serving process provided by law, some claimant or even all claimants of the property do not receive *actual* notice of the proceeding, will not prevent the judgment from operating *in rem,* if the mode adopted was reasonable under the circumstances, and the process was such as that the claimants, had it been seen by them, should have known therefrom that their interests were or might be imperiled, and that they might be heard for the preservation of such interests." (Emphasis ours.)

In an apparent effort to bring the case at bar within the notice requirement mentioned in the cited authority, plaintiff in error says in its brief that the "notice required by law was given." No definite statement is made in the brief as to just what notice is alluded to. Our search of the record reveals no notice in connection with the judicial proceedings nor any allusion to such a notice. There is, however, a reference in the record to the giving of notice by the Bank Commissioner to the creditors of the bank to present claims, as required by section 9175, supra. Assuming that plaintiff in error's allusion is to that notice, it is not appropriate for the purpose here sought to be attached to it. It contemplated the barring of claims only after distribution of the assets and did not contemplate a prior adjudication having that effect. It was not calculated to operate as notice of a subsequent and specific judicial proceeding involving a particular controversy which subsequently arose as to the manner of distribution.

The absence of appropriate notice brings this case, insofar as Colvert's claim is concerned, and so far as it is said that the prior proceedings had an adverse effect as to him, within the rule announced by this court in Seal et al. v. Banes et al., 168 Okla. 550, 35 P. 2d 704, in par. 13 of the syllabus, as follows:

· "No judgment of the court is due process of law, if rendered without jurisdiction in the court, or without notice to the party."

The cited case is somewhat analogous to the case at bar in other respects. It was therein claimed that the probate court had jurisdiction in rem to sell real estate in connection with the administration of an estate, and that the requirement of notice preliminary to sale was not jurisdictional (notice essential to jurisdiction having been imparted by the pendency of the general proceeding) just as it is herein similarly contended that the pendency of liquidation proceedings and the notice to creditors in connection with the commencement of liquidation of the bank satisfied such requirements. This court held in the cited case that the sale proceedings were adversary in character and that independent notice was jurisdictional, applying the rule above quoted. Here an effect adverse to the rights of Colvert is sought by plaintiff in error to be attached to the proceedings of which he was not notified.

We thus conclude that Colvert's claim and action to enforce payment thereof is

not barred by reason of the prior judicial proceedings above.

It is next urged by plaintiff in error that the proceedings instituted in the trial court were not appropriate for the enforcement of Colvert's claim in that by reason of and under section 80, S. L. 1937, page 304, there was available to him the remedy of appeal to the district court from the action of the Bank Commissioner in rejecting his claim, which plaintiff in error asserts was exclusive.

This point was not raised in the trial court and is not available to plaintiff in error in this court, since a party cannot prosecute or defend his action in this court on a theory different from that presented to the court below. Goodwin v. Shi, 171 Okla. 8, 41 P. 2d 816; Staner v. McGrath, 174 Okla. 454, 51 P. 2d 795; Cadwell v. Ryan, 185 Okla. 158, 90 P. 2d 887.

Decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, HURST, and DANNER, JJ., concur. RILEY, CORN, and GIBSON, JJ., absent.