Jack HAYES, Plaintiff in Error,

v.

Tom B. CHILDERS, Defendant in Error.

No. 37224.

Supreme Court of Oklahoma.

June 4, 1957.

Hickman & Hickman, Tulsa, for plaintiff in error.

Geo. P. Striplin, Tulsa, for defendant in error.

CORN, Vice Chief Justice.

Tom B. Childers, hereinafter called plaintiff, filed an action against Jack Hayes, hereinafter called defendant, to recover damages for the breach of a contract to deliver papers of registration on the sale of a stallion. Plaintiff alleged that he purchased a thoroughbred Albino stallion from defendant, and that defendant agreed to deliver plaintiff the papers showing registration; that defendant failed and refused to deliver the papers; that he was damaged the difference between the value of the stallion with and without the papers in the sum of $250; that he suffered the loss of the services

of the stallion for breeding purposes to the extent of $2,500. The cause was tried to the court without a jury. The trial court rendered judgment for the plaintiff for $1,250, and defendant appeals.

The defendant presents the single proposition as follows:

"It is our contention that the judgment is contrary to the law and the evidence, that the damages awarded are not recoverable under the law because they are purely speculative, and that the court should have sustained defendant's demurrer to plaintiff's evidence."

Plaintiff testified that he traded two horses, a buckskin stallion and a Palomino mare at defendant's house and in the pasture at Mohawk, finally concluding the trade at defendant's house; that these two horses were traded for an Albino stallion; that the defendant promised to deliver the papers showing the stallion for which he traded registered with the American Albino Horse Club; that thereafter he saw the defendant and asked him for the papers. The papers were never delivered to the plaintiff. They are now in the hands of a third party.

The evidence is sufficient to sustain the finding that defendant breached his agreement to furnish the papers showing registration of the stallion, and that by reason thereof plaintiff sustained damages in the amount of $1,250. The evidence is therefore sufficient to support the judgment of the trial court.

However, defendant argues that the court erred as a matter of law in basing any of the damages on the probable amount to be received from the stands of the stallion. Plaintiff testified that the charges per stand were $25 as a minimum, and that under certain conditions the charges were $50 or more; that he lost between thirty and fifty stands. Defendant cites Wiggins v. Jackson, 31 Okl. 292, 121 P. 662, 43 L.R.A.,N.S., 153; Eden v. Vloedman, 202 Okl. 462, 214 P.2d 930; Sapp v. Bradfield, 137 Ky. 308, 125 S.W. 721; Needham v. Halverson & Co., 22 N.D. 594, 135 N.W. 203. These cases are not in point.

At the conclusion of the testimony offered by plaintiff, the defendant demurred to the evidence. The demurrer is as follows:

"Comes now the defendant and demurs to the evidence on behalf of the plaintiff as being insufficient to establish a cause of action for the following reasons: (1) There is no evidence here that this horse was ever registered with the State Registration Board as required by Title 4 Section 211. The only thing in evidence is the Club registration and purported hereditary pedigree. On that basis, we demur to the evidence."

There was no renewal of the demurrer at the conclusion of the trial. There was no demurrer to the petition. The defendant did not object to any evidence offered by the plaintiff on the ground that the petition did not state a cause of action. It is a well-known rule of law that a party cannot try the case on one theory and then present another theory as error for the first time on appeal. Miller v. Miller, 186 Okl. 566, 99 P.2d 515; Producers Investment Co. v. Colvert, 187 Okl. 59, 100 P.2d 1005. Neither party has cited a case involving the measure of damages for the loss of services of a stallion or other male animal where the services of such animal are offered for fees; but in this case we are of the opinion and hold that the defendant is precluded from objecting to the measure of damages on that ground. It is a well-known rule of law that where an instruction as to the measure of damages is objected to and refused by the trial court, this does not constitute an error authorizing reversal, unless the party offering such instruction on the measure of damages offers an instruction properly stating the measure of damages. We think the parallel of the rule is applicable here. It was the duty of the defendant to object to the evidence because it did not constitute evidence of the proper measure of damages or other-

wise call to the attention of the court the nature of the evidence required to establish the measure of damages.

In addition to what is said above this is not an action for the breach of warranty as to the fitness of an animal. It is agreed, or rather not disputed, that the stallion was in all respects fit for the purposes for which it was intended to be used. The action was for a breach of contract to do a certain thing, to-wit, deliver the papers showing the stallion registered. The defendant is liable for the legal consequences of the failure. Consolidated Pipe Line Co. v. British American Oil Co., Lts., 163 Okl. 171, 21 P.2d 762; Young v. Eaton, 82 Okl. 166, 198 P. 857.

Plaintiff offered proof of such damages and the competency of the testimony was not questioned. The evidence offered is sufficient to support the judgment rendered. It will not be disturbed on appeal.

Judgment affirmed.

DAVISON, HALLEY, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

WELCH, C. J., and JACKSON and CARLILE, JJ., dissent.