LIMITATION ON DEPOSITING OF SCHOOL DISTRICT FUNDS IN CERTAIN BANKS WHERE SCHOOL BOARD MEMBER HAS AN INTEREST A board of education may not use a bank as its depository for school district funds when a member of the board of education is an assistant cashier, director and small shareholder of the bank sought to be used as a depository. The Attorney General has considered your opinion request dated January 28, 1971 wherein you ask the following question: "May a board of education use a bank as its depository for school district funds when a member of the board of education is an assistant cashier, director and small shareholder of the bank?" DISCUSSION AND ANALYSIS: The following statutes are applicable to your question: Title 62 O.S. 371 [62-371] (1961): "Contracts with officers void. — No board of county commissioners, nor city council, nor board of trustees of any township, or town, nor any district board of any school district in this state shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and that all contracts made in violation of this section shall be wholly void." 70 O.S. 4-29 [70-4-29] (1961) "Interest of members in contracts. — No board of education of any school district in this state shall make any contract with any of its members or with any company, individual or business concern in which any of its members shall be directly or indirectly interested. All contracts made in violation of this section shall be wholly void. A member of a board of education shall be considered to be interested in any business concern if such member of the board of education or any member of his immediate family owns any substantial interest in same." To resolve your question it is necessary to determine (1) whether the deposit of school district funds in a bank is a "contract" as contemplated by 62 O.S. 371 [62-371] (1961) and 70 O.S. 4-29 [70-4-29] (1961), and, if so, (2) whether the act of the school district treasurer in depositing said funds in a bank is tantamount to the district board of a school district making a contract "in which any of its members shall be directly or indirectly interested;". The Oklahoma Supreme Court in the case of Producers Inv. Co. v. Colvert, 100 P.2d 1005, 1008 (Okl. 1940) stated: "The word employed by the legislature deposit has a definite meaning. . ." and goes on to quote 7 Am. Jr. page 286 follows: "The term `deposit' when used in connection with a banking transaction, denotes a contractual relationship ensuing from the delivery, by one known as the `depositor', of monies, funds, or things into the possession of the bank, which receives the same upon the agreement to pay, repay, or return, upon the order of demand of the depositor, the monies, funds, or equivalent amount, or things, received; this agreement on the part of the bank is usually a tacit one and implied, and it may include implied promise to pay interest upon the deposit, depending upon the nature of the deposit and the account into which it is placed." This definition, adopted by the Supreme Court of Oklahoma, contemplates that the "depositor" is the one to whom the bank agrees to "pay, repay, or return," upon the order of demand, "the monies, funds, or equivalent amount, or things received." 70 O.S. 4-29 [70-4-29] (1961) provides in part as follows: "No treasurer of any district shall pay out school district funds in his care except upon warrants signed by the proper school district officials authorized by the law to sign such warrants, provided this restriction shall not apply to sinking funds." Thus, it would appear that the deposit of school board funds with a bank is a contract, and that the school district board is the depositor because of the requirement that no school district funds shall be paid out except upon warrants signed by the proper school district officials. It cannot be validly argued or upheld that the act of the school district treasurer in depositing school district funds in a bank is not the act of the district board of the school district." 70 O.S. 4-29 [70-4-29] provides as follows: "The County Treasurer of each county in Oklahoma shall be the treasurer of all school districts in said county, except that the board of education of an independent school district may appoint a local treasurer and, in its discretion, an assistant local treasurer of said district, each of whom shall serve at the pleasure of said board for such compensation as the said board may determine. ." Having been either designated by statute or appointed by a board of education, a treasurer of a school district is the agent of the school board or board of education. The treasurer can have no greater powers than the board possesses. A treasurer can perform the ministerial act of depositing school district funds in a bank, but the "contractual relationship" thereby created is between the school district board and the bank because the treasurer acts only in behalf of the board in depositing the funds and the board is in reality the "depositor" since it is the entity to whom the bank agrees to "pay, repay, or return," upon order of demand, "the monies, funds, or equivalent amount, or things, received." Having concluded that the depositing of school district funds in a bank creates a contract, and having concluded that the contract is in reality between the school district board as "depositor" and the bank, it must follow that such is in violation of 62 O.S. 371 [62-371] (1961), which provides in part, "No . . . district board of any school district of this state shall make any contract . . . in which any of its members shall be directly interested. . . ." IF a member of the board "is an assistant cashier, director and small shareholder of the bank," it can be reasonably concluded that the deposit of funds in any bank is an act in which "an assistant cashier, director, and small shareholder" would be interested, either directly or indirectly. OPINION: It is the opinion of the Attorney General that a Board of Education may not use a bank, as its depository for school district funds, when a member of a board of education is an assistant cashier, director and small shareholder of the bank sought to be used as a depository. The depositing of school district funds in a bank creates a contract between the board of education, as depositor, and the bank. A member of the board of education, who is also an assistant cashier, director, and small shareholder of the bank in which the school district funds are sought to be deposited, would be "directly or indirectly interested" in the contract thereby created in violation of the provisions of 62 O.S. 371 [62-371]. The previous opinion of the Attorney General directed to Mr. Frank Limerick, County Attorney of Caddo County, Oklahoma, dated September 9, 1950, is hereby superseded insofar as it is inconsistent with the opinion contained herein. (Odie A. Nance) ** OVERRULED BY OPINION NO. 71-224 (1971) **