CITY COUNCIL OR COMMISSION — MAINTAINING ACCOUNT IN BANK WHERE MEMBER HAS AN INTEREST A city council or city commission is authorized within the scope of 62 O.S. 371 [62-371] (19961), as amended by Senate Bill 281, First Session, 33rd Legislature (1971), to maintain an account with a bank not withstanding that a member of the city commission owns stock in the bank or is a member of the bank's board of directors. The Attorney General has considered your opinion request wherein you ask the following question: "Is it permissible for a city to maintain an account with a bank if a member of the city commission owns stock in said bank or is a member of the bank's Board of Directors?" Title 21 O.S. 344 [21-344] (1961), provides as follows: "Fraud by officer authorized to sell, lease, or make contract — Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor." Letteer v. Conservancy District No. 30, 385 P.2d 796 (1963), held that different legislative enactments referring to the same subject and consistent with each other must be construed together as a harmonious whole so that effect will be given to each. Accordingly, the provisions of 21 O.S. 344 [21-344] (1961), must be construed in conjunction with 62 O.S. 371 [62-371] (1961), which refers to the same subject. Title 62 O.S. 371 [62-371] (1961), as amended by Senate Bill 281, First Session, 33rd Oklahoma Legislature, (1971) provides as follows: "No board of county commissioners, nor city council nor board of trustees of any township, or town, nor any district board of any school district in this state shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and that all contracts made in violation of this section shall be wholly void. For the purposes of this section, the depositing of any funds in a bank or other depository shall not be considered the making of a contract." To determine whether the question you have raised falls within the ambit of this statute, the following questions must be resolved: (1) Does the deposit of city funds give rise to a contract within the meaning of 62 O.S. 371 [62-371] (1961), as amended? (2) If so, is the city a principal party to such a contract? 9 C.J.S. Banks and Banking, 544-545, states: "The term `deposit' . . . has been defined as the act of placing or lodging money in the custody of a bank or banker,. . ." "Relationship of depositor and banker arises only out of a contract, express or implied, . . ." The rule that a deposit gives rise to a contractual relationship obtains in Oklahoma. In Producers Inv. Co. v. Colvert, 100 P.2d 1005, 1008 (1940), the Oklahoma Supreme Court held: "The word `deposit' employed by the Legislature has a definite meaning. . ." and goes on to quote 7 Am.Jur. page 286, as follows: The term "deposit" when used in connection with a banking transaction, denotes a contractual relationship ensuing from the delivery, by one known as the `depositor', of monies, funds, or things into the possession of the bank, which receives the same upon the agreement to pay, repay, or return, upon the order of demand of the depositor, the monies, funds, or equivalent amount, or things, received; this agreement on the part of the bank is usually a tacit one and implied, and it may include implied promise to pay interest upon the deposit, depending upon the nature of the deposit and the account into which it is placed." Title 62 O.S. 516.5 [62-516.5] (1961), provides in part as follows: "The treasurer of every county, city, town and board of education in the State of Oklahoma shall deposit daily. . .all funds and monies of whatsoever kind that shall come into his possession by virtue of his office, in one (1) or more banks or trust companies that have been designated as either State or County depositories." A treasurer of a municipal corporation is usually regarded as a municipal officer. 62 C.J.S. Municipal Corporations, 1932. As an officer of a municipal corporation, the city treasurer is an agent thereof. In Marcus v. Alcoholic Beverage Control Board, 411 P.2d 539 (1966), the Supreme Court held: "It has been stated that the officers of a municipal corporation, like those of a private corporation, are agents of the corporate body. 37 Am.Jur. Municipal Corporations, Sec. 22, p. 854. "A public officer is an agent elected or appointed to perform certain political duties in the administration of government." In Ocean Accident and Guaranty Corp. v. Denner, 250 P.2d 217
(1952), it was stated: "The presumption and implication of authority to represent principal in matters within the scope of delegated responsibilities of management and control of business in particularly applicable to corporations which act only through officers and agent." From the foregoing, it may be properly concluded that a deposit of city funds gives rise to a contractual relationship to which the city is bound as a party. The making of such a contract by an agent of the municipality such as the city treasurer, therefore, is imputable to the city council or the city commission. A question which remains, however, is whether such a contract falls within the meaning of 62 O.S. 371 [62-371] (1961), The statute itself conclusively answers this question in the negative. The removal of such a contract from the operation of Section 371 is accomplished by the following provision: "For the purposes of this section the depositing of any funds in a bank or other depository shall not be considered the making of a contract." It will be noted that the deposit of funds in a bank does give rise to a contractual relationship for all purposes other than the operation of this section. For the purposes of your question, however, it may be said that there is no statutory bar to a city maintaining an account with a bank notwithstanding that a member of the city commission owns stock in the bank or is a member of the bank's board of directors. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A city council or city commission is authorized within the scope of 62 O.S. 371 [62-371] (1961), as amended by Senate Bill 281, First Session, 33rd Oklahoma Legislature (1971), to maintain an account with a bank notwithstanding that a member of the city commission owns stock in the bank or is a member of the bank's board of directors. (Marvin C. Emerson) ** SEE: OPINION NO. 87-530 (1987) **